# Mates, Appellant, *v.* Young.

*Conveyances—Fraud on creditors—Gift from husband to wife—Valuable consideration—Ejectment—Parol evidence.*

1. Where judgment creditors of a husband brought an action of ejectment against his wife for certain real estate which he had conveyed to her in alleged fraud of creditors, a finding of the trial judge, to whom the case was submitted for determination without a jury, that the conveyance was for a valuable consideration, and, even if voluntary, would not have been fraudulent, as the grantor had retained sufficient property with which to pay his then existing indebtedness, will not be reversed, there being evidence to support the finding.

2. In such case the court did not err in allowing defendant by parol testimony to prove a consideration for the conveyance where a rule of court required the defendant in an action of ejectment "to file a statement containing an abstract of the title or facts on which he relies for his defense, whether the same be in writing or otherwise......Upon trial the defendant shall be confined to proof of the title and facts stated by him in such abstract or statement, ......" and in compliance with such rule the defendant filed an answer and plea, and stated therein that "in addition will offer parol proof to sustain defendant's title and right of possession," and especially where the replication averred that parol evidence would be offered to show that the conveyance in question was without consideration and in fraud of creditors.

Argued Oct. 5, 1915.   Appeal, No: 9, Oct. T., 1915, by plaintiff, from judgment of C. P. Butler Co., Dec. T., 1906, No. 71, directing judgment for defendant in case of James B. Mates v. Bella A. Young.   Before BROWN, C. J., POTTER, STEWART, MOSCHZISKER and FRAZER, JJ. Affirmed.

Ejectment by creditors to recover land alleged to have been conveyed in fraud of creditors.

The case was submitted to the trial judge without a jury, under the provisions of the Act of April 22, 1874, P. L. 109.

The facts appear in the following opinion by WILLIAMS, P. J., specially presiding:

A jury for the trial of the above stated case was sworn on June 12, 1907, and after the hearing of testimony had been concluded the parties, by a paper filed in the office of the prothonotary, agreed to dispense with a trial by jury and submit the case to the court, with power to determine all questions, both of law and fact, in accordance with the provisions of the Act of April 22, 1874, P. L. 109.

After the testimony had been transcribed, the case argued and briefs of counsel filed, the court, on June 11, 1908, filed the opinion to which the exceptions now before us were filed.   Said exceptions were filed on July 10, 1908, and there the case rested for a period of nearly six years, or until the 4th day of May, 1914, when said exceptions were argued by counsel.   The brief of the learned counsel for the plaintiff, however, was not filed with the court until July 7, 1914.

In all, thirty-four exceptions have been filed, of which twenty are to the opinion of the court, six are to six of the twelve findings of fact by the court, while eight exceptions are filed to the six conclusions of law stated by the court.   To now reconsider and discuss each of these numerous exceptions in detail would involve a retrial of the whole case, a task upon which we hesitate to enter

in view of the great length of time that has elapsed since the filing of our former opinion and the filing of exceptions thereto by the learned counsel for the plaintiff. We have, however, carefully re-read said opinion in connection with said exceptions and find that all of the material questions presented by said exceptions were fully heard and carefully disposed of in our former consideration of the case.

The principal question urged at the argument of said exceptions was as to the effect of the rule of court cited at the argument by the learned counsel for the plaintiff, which, in substance, requires the defendant in an action of ejectment "to file a statement containing an abstract of the title or facts on which he relies for his defense, whether the same be in writing or otherwise.......Upon trial the defendant shall be confined to proof of the title and facts stated by him in such abstract or statement," etc. In compliance with this rule, the defendant filed an "Answer and Plea," in which, in addition to the plea of "not guilty," the defendant set out an abstract of her title to the land described in the writ and stated that:

"In addition will offer parol proof to sustain defendant's title and right of possession." In our former consideration of the case we held that under the pleadings in the case the defendant was entitled to offer parol evidence as to the actual or real consideration for the deed under which she claims title to the land in dispute. If any doubt existed as to that question after the defendant had filed her "answer and plea" we think that doubt was entirely removed by the replication or denial subsequently filed on behalf of the plaintiff, in which the defendant's abstract of title is denied and it is averred that: "the same is fraudulent, and made for the purpose of defrauding creditors and plaintiffs as one." The closing paragraph of said replication or denial is as follows: "Parol and other evidence will be offered in support hereof and to show the indebtedness of E. E. Young prior to Nov. 18, 1904, and that the conveyance unto his

wife, Bella A. Young, was without consideration and to defraud his creditors and plaintiff."

We were of the opinion at the trial that the notice given by the defendant of her intent to offer parol proof in support of her abstract was sufficient to warrant the admission of parol proof in explanation of the consideration in any or every deed mentioned in her abstract. We are still of that opinion, but, as we have said, if there was any doubt as to that question it was entirely removed by the filing of the plaintiff's replication. As the pleadings stood at the time the defendant filed her "answer and plea" she was not required to assume what attack the plaintiff would make upon the matters set forth in the defendant's abstract, but when the plaintiff's replication was filed as required by the rule of court it set forth that the plaintiff would attack the deed of Bella A. Young as being without consideration and fraudulent. That was the first time that issue was raised in the pleadings and placed upon the plaintiff the affirmative in the issue thus raised.

As we view the case there are several good and sufficient reasons why evidence of the parol agreement in support of the consideration for the deed under which the defendant claims title was admissible: (a) The evidence was admissible because it was in reply to the plaintiff's assertion of want of consideration. (b) The evidence was in reply to the plaintiff's charge of fraud and such testimony as he offered in support of it. (c) The evidence was competent because it was in line with the notice given by the defendant in her abstract that parol evidence would be offered. If the plaintiff desired more specific information concerning the evidence thus proposed to be offered by the defendant he had the right to call upon her for a more specific statement, and having failed to do so, we think he has now no just reason to complain. In any view of the case we are unable to see how the plaintiff was placed at any disadvantage by the admission of said evidence. The plaintiff could not

have been surprised at the testimony offered for he himself had challenged said deed as being without consideration and fraudulent, and it is, therefore, fair to assume that he had fully investigated the facts pertaining to the same; otherwise his allegations concerning said deed could not have been made in good faith.  A careful consideration of this branch of the case has failed to convince us of any substantial error in our former conclusions concerning it.

A careful reconsideration of the whole case in the light of our former opinion and of the authorities cited by the learned counsel for the plaintiff has not convinced us of any such error in our former findings and conclusions as to warrant us in disturbing them.  It follows, therefore, that the numerous exceptions filed to said opinion should all be dismissed.

Further facts appear by the opinion of the Supreme Court.

The lower court entered judgment for the defendant. Plaintiff appealed.

*Errors assigned,* among others, were the judgment of the court, and the ruling on evidence discussed in the opinion of the lower court.

*T. C. Campbell,* with him *S. F. Bowser* and *A. M. Christley,* for appellant.

*W. D. Brandon,* with him *J. Campbell Brandon,* for appellee.

PER CURIAM, October 28, 1915:

On November 18, 1904, Elmer E. Young conveyed to his wife, Bella A. Young, the appellee, his undivided interest in the two tracts of land involved in this ejectment.  Subsequently judgments were recovered against him by creditors who had claims against him at the time of his conveyance to his wife, and, on executions issued

upon them, the sheriff sold to the appellant, as trustee for himself and others, whatever interest Young had in the lands, the judgment creditors insisting that the conveyance to his wife was in fraud of creditors, and therefore void under the statute of 13 Elizabeth. The trial before a jury was interrupted by an agreement to submit the case to the court under the provisions of the Act of April 22, 1874, P. L. 109, and material findings of the trial judge were that, under all of the facts shown by the testimony, the conveyance on November 18, 1904, by which the land in dispute was conveyed, was not a voluntary one, but for a valuable consideration, and, even if voluntary, was not fraudulent, as the grantor had retained sufficient property with which to pay his then existing indebtedness. These findings were amply supported by testimony. The complaint of the appellant, that, in view of the abstract of title or facts filed by the defendant, and on which she relied for her defense, the court erred in admitting parol testimony, is sufficiently answered in its opinion dismissing the exceptions to findings of fact and conclusions of law. As no error is discoverable in the record, the judgment is affirmed.