## Lipsky v. Stolzer, Appellant.

*Practice C. P.—Disagreement of jury—Motion for judgment upon the whole record—Judgment—Appeal—Act of April 20, 1911, P. L. 70.*

1. Where a jury has disagreed and the defendant moves that all the evidence shall be certified and filed, and also moves for judgment in favor of the defendant upon the whole record under the Act of April 20, 1911, P. L. 70, and the court acts upon the motion as follows: "Motion dismissed," such action of the court is not a judgment from which an appeal lies.

2. Under the Act of April 20, 1911, P. L. 70, the record should disclose the several steps in the proceeding. It should appear that binding instructions had been reserved or declined, that the jury had disagreed, that the party had moved the court to certify the evidence and enter judgment in his favor, that the court was of the opinion that a new trial should not be granted, and that judgment was entered in favor of the appellee. Unless these facts are found to exist, the statute does not empower the trial court to enter a judgment, nor authorize an appeal from its action in refusing judgment.

3. The dismissal of a motion for judgment implies that the court is "of opinion that the case should be re-tried."

Argued March 26, 1912. Appeal No. 340, Jan. T., 1911, by defendant from order of C. P. No. 1, Phila. Co.,

March T., 1908, No. 5443, dismissing motion for judg-
ment in case of Lazar Lipsky v. Charles Stolzer.  Before
FELL, C. J., MESTREZAT, POTTER, STEWART and MOSCH-
ZISKER, JJ.  Appeal quashed.

Trespass to recover damages for personal injuries.
Motion for judgment upon the whole record.
The opinion of the Supreme Court states the case.

*Error assigned* was in dismissing motion for judg-
ment.

*G. Von Phul Jones,* with him *J. Frederick Martin,* for
appellant.

*Henry M. Stevenson,* with him *Joseph B. Winokur*
and *Thomas J. Norris,* for appellee.

OPINION BY MR. JUSTICE MESTREZAT, April 15, 1912:

This was an action of trespass by an employee against
his employer to recover damages for injuries which
the plaintiff alleges he sustained by reason of the neg-
ligence of the defendant.  On the trial of the cause the
defendant submitted a point requesting the court to
instruct the jury that "under all the evidence in this
case, the verdict must be for the defendant."  The point
was declined, and the jury disagreed and were dis-
charged without rendering a verdict.  Thereupon the de-
fendant moved for judgment under·the Act of April 20,
1911, P. L. 70.  The motion was in the following form:
"And now, November 27, 1911, the defendant, Charles
Stolzer, by his attorney, G. Von Phul Jones, Esq., moves
the court to have all the evidence taken upon the trial
of the above mentioned case, duly certified and filed so
as to become part of the record, and for judgment in
favor of the defendant, upon the whole record, under
the provisions of the Act of Assembly of April 20, 1911."
The action of the court on the motion was as follows:
"December 8, 1911, motion dismissed.  December 8, 1911,

defendant excepts to order of the court dismissing defendant's motion for judgment. Allowed and filed." The defendant has taken this appeal, and assigns for error the action of the court in dismissing the motion for judgment.

The proceeding in the court below and this appeal were taken in pursuance of the recent Act of April 20, 1911, P. L. 70. It provides, inter alia, that when "a point requesting binding instructions has been reserved or declined, and the jury have disagreed, the party presenting the point may......move the court to have all the evidence taken upon the trial duly certified and filed so as to become part of the record, and for judgment in his favor upon the whole record; whereupon it shall be the duty of the court, unless it shall be of opinion that the case should be retried, to so certify the evidence, and to enter such judgment, if any, as under the law should have been entered upon that evidence at the time of trial;......(and) from the judgment thus entered the party against whom it is entered may appeal" to the proper appellate court. Under this statute, therefore, where a party has requested binding instructions which have been declined, and the jury have failed to agree, he may move the court to have the evidence certified and filed, and for judgment upon the whole record. It then becomes the duty of the court to certify the evidence and to enter judgment, "unless it shall be of opinion that the case should be retried." If the court is of opinion that there should be a retrial of the cause, then it is not required either to certify the evidence or to enter judgment in the case. Until a judgment is entered there can be, of course, no appeal to this court. The record should disclose the several steps in the proceeding, and show that a judgment has been entered in compliance with the statute. It should appear that binding instructions had been reserved or declined, that the jury had disagreed, that the party had moved the court to certify the evidence and enter judg-

ment in his favor, that the court was of the opinion that a new trial should not be granted, and that judgment was entered in favor of the appellee. Unless these facts are found to exist, the statute does not empower the trial court to enter a judgment, nor authorize an appeal from its action in refusing judgment.

Turning to the record in the present case, we find that the jury disagreed and were discharged, and that the appellant moved the court to certify the evidence and to enter judgment in his favor on the whole record. The only action of the court taken in pursuance of the motion was: "Motion dismissed." This was not a judgment in contemplation of the act. It was simply the denial of the motion to certify the evidence and to enter judgment which was proper if the court was of the opinion that the case should be retried. We must assume that the motion to certify the evidence and for judgment was denied for that reason, otherwise the court would have entered a judgment in the case. If the evidence is conflicting the court cannot enter judgment under the statute. It does not, and could not, constitutionally, authorize the court to invade the province of the jury and pass upon the credibility of witnesses and determine questions of fact, but confers upon the court the power to enter judgment for the plaintiff or the defendant upon the whole record where there is no conflict of evidence and where binding instructions should have been given on the trial. If, however, the court is of opinion that the case should be submitted to another jury, it should dismiss the motion for judgment and direct the case to be retried. In taking such action, however, the record should disclose the reason for dismissing the motion and refusing judgment as from such order no appeal lies. It is only when the court thinks there should be no new trial and enters judgment "upon the whole record" that the defeated party has the right to be heard in the appellate court.

It appearing from the record in the case that no judgment was entered from which an appeal lies, this appeal is quashed at the costs of the appellant.