# W. H. Buck and S. W. Gehr *v.* E. W. McArthur, Appellant.

*Ejectment—Question for jury—Ancient document—Eminent domain—Act of April* 20, 1911, *P. L.* 70—*Submerged lands.*

In an action of ejectment the evidence established that a certain lake had been raised and a great deal of land submerged by the construction of a canal. The Commonwealth took title to this submerged land, in fee. When the canal was abandoned and the water was restored to its original level, the grantees of this formerly submerged land, took title to it in fee.

Where a defendant filed his petition and entered a rule upon plaintiff's predecessor in title to bring his action in ejectment, describing in a general way all the lands of a given tract formerly submerged, and no particular reference is made to the island or neck of land in dispute, and the plaintiff's predecessor failed to appear and to bring his suit,—there is such a valid dispute as to the facts that the court cannot decide as a matter of law the land described in the notice did embrace the particular island and the case is for its jury.

50    W. H. BUCK et al. *v.* E. W. McARTHUR, Appel.

When a jury has twice failed to come to any conclusion as to the facts, it is proper for the court to refuse a motion for judgment on the whole record.

A paper nearly 70 years old is an ancient document and admissible in evidence.

Argued April 15, 1925.   Appeal No. 180, April T., 1925, by defendant from order of C. P. Crawford Co., September T., 1922, No. 14, discharging rule for judgment upon the whole record in the case of W. H. Buck and S. W. Gehr v. E. W. McArthur.   Before HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Affirmed.

Ejectment to recover a small piece of land in the possession and occupancy of defendant.   Before PRATHER, P. J.

The facts are stated in the opinion of the Superior Court.

Case was twice tried before a court and jury, both trials resulting in a disagreement.   Then both plaintiff and defendant moved the court for judgment upon the whole record.   Both motions refused.   Defendant appealed.

*Errors assigned* were the admission of evidence and the order of the court, discharging defendant's motion and rule for judgment upon the whole record.

*O. Clare Kent,* and with him *J. W. Smith* and *C. Victor Johnson,* for appellant.—Discretionary powers of a guardian cannot be delegated: Lefera et al. v. M. C. Neney et al., 5 Neb. 318, 98 N. W. 679; Taylor v. Hopkins, 40 Ill. 442; Kellogg v. Wilson, 9 Ill. 357; McPherson v. Sanborn et al., 88 Ill. 150; Hill v. Canfield, 63 Pa. 77; DeBari v. Campoy, 17 Phila. 383-388; Woddrop v. Weed, 154 Pa. 307.

*Frank J. Thomas,* and with him *Paul E. Thomas,* of *Thomas & Thomas,* and *Albert L. Thomas,* for ap-

pellees.—Ancient documents are admissible as good evidence: Jones et al. v. Scranton Coal Co., et al, 274 Pa. 312; McReynolds et al. v. Longenberger et al., 57 Pa. 13.

A stranger to the title cannot attack the regularity of the proceedings in the collateral proceeding: Riland v. Eckert, 23 Pa. 215; Lair v. Hunsicker, 28 Pa. 115; Glass v. Gilbert, 58 Pa. 266; Wray v. Miller, 20 Pa. 111; Brolaskey v. McClain, 61 Pa. 146; Lee v. Parker, 5 Wharton 342; and Coxe v. Blanden, 1 W. 533.

Commonwealth takes title in fee to such lands as it takes for perpetual use and permanent occupation in the construction of its canals: Wyoming Coal and Transportation Co. v. Price, 81 Pa. 156; Commonwealth v. McAllister, 2 W. 190; Robinson et al. v. West Penn R. R. Co. et al., 72 Pa. 316; Haldeman v. Penn. Cent. R. R. Co, 50 Pa. 425; Craig v. Allegheny, 53 Pa. 477; and Penn. & N. Y. Canal & Co., v. Billings, 94 Pa. 40.

OPINION BY TREXLER, J., July 9, 1925:

The action was one in ejectment. The land in dispute has irregular boundaries and is oblong in shape and consists of about a third of an acre. During the time that the Erie Canal was in process of construction and operation the waters of Conneaut Lake were raised about eleven feet in height, and the lake and the additional lands submerged by this rise of water were appropriated to public use and the title to said lands passed to the Erie Canal Company. Following the abandonment of the Erie Canal its title to said land and water passed through sheriff's sale and by subsequent deeds of conveyance to various grantees. In that chain of title it is conceded that defendant holds a good title in fee to the land once submerged, surrounding and forming all or nearly all of the entire boundary of the small oval piece of land in dispute.

Following the abandonment of the Erie Canal the waters of Conneaut Lake were lowered about eleven feet to their original level. During the high water period the little piece of land in controversy was never submerged but was either a peninsula or an island. The submerged lands of the defendant around the land in question by the lowering of the lake have now been returned to their normal condition and are no longer part of Conneaut Lake. Two questions were submitted to the jury. The first—at the time Conneaut Lake was at its height and before it was lowered by removal of the dam, about the year 1872, was the piece of land known in this case as the Hogback an island or peninsula? The second—was the land described in the proceedings against plaintiffs' predecessor in title to bring ejectment included in the land described in that proceeding and the notice served on the defendant in that action? The jury could not agree as to either answer. There having been a request for binding instructions on both sides, both parties then moved the court under the Act of 20th of April, 1911, P. L. 70, to have judgment entered upon the whole record. This the court declined to do. Hence this appeal.

The first question involved is whether the plaintiffs showed a paper title to the land in question? In the line of plaintiffs' title there was offered an agreement dated the 26th day of August, 1852, between H. R. Riddle, attorney-in-fact for B. S. Schneck, by virtue of written power, guardian of Arianna S. Riddle and Jeremiah Foust, plaintiff predecessor in title, for the sale of certain real estate in Crawford County which it is claimed included the land in suit. The power to sell was given to the guardian (not named) by special Act of Assembly, 25th day of March 1851, P. L. 256. The appellant contends that the power to sell being given to the guardian, it could not be delegated;

that any delegation of such discretion given by the guardian to H. R. Riddle was null and void; that the appointment of a guardian is based upon the confidence in his personal integrity and that he cannot substitute any one for him in matters of discretion. He, therefore, claims that plaintiffs' title is fatally defective and that in consequence the plaintiffs' case falls. There is no question that the discretionary powers vested in a guardian cannot be delegated by him and we need not cite the many cases which are found in defendant's brief. The counsel for the plaintiffs admits the correctness of this general proposition. His reliance, however, is upon the fact that defendant cannot question the absence of the power of the guardian to delegate the right to sell. That is a matter which concerns the parties directly interested. The paper in question is nearly 70 years old and was found among the papers of one of the parties thereto after his death. It was properly admitted in evidence. The defendant is not in a position to question this transaction which passed the property and for which consideration is presumed to have been paid and distributed. Even if the guardian of this minor exceeded his authority the presumption is that the consideration for the land passed to the proper parties. Appellees cite a number of cases, Riland v. Eckert, 23 Pa. 215; Lair v. Hunsicker, 28 Pa. 115; Glass v. Gilbert, 58 Pa. 266; Wray v. Miller, 20 Pa. 111; Brolaskey v. McClain, 61 Pa. 146; Lee v. Parker, 5 Wharton 342; Coxe v. Blanden, 1 Watts 533. In Riland v. Eckert, supra, there was a sale under the Act of 24th of February, 1834, P. L. 70, the 34th section of which requires the widow and heirs or devisees to be made parties to a judgment obtained against the personal representative of a decedent, where the plaintiff intends to charge the real estate of the decedent with the payment of the judgment and in that case that was not done, but in the ejectment suit

by those who claimed under the title which was the result of the proceedings in the Orphans' Court, it was held that the defendant could not take advantage of this irregularity. "Nothing can be more clear than that the title of the plaintiffs below could not avail them against Judge Wilson's heirs, or against a party claiming in right of these heirs. But what right have these defendants to take the place of the heirs, and avail themselves of an irregularity which hitherto the heirs have chosen to waive? It is true, that in ejectment it is a legitimate defense to show title outstanding in third party; but as was said by Judge Huston in Foust v. Ross, 1 W. & S. 506, it must be a valid, subsisting title—not one abandoned, derelict, or barred by the statute of limitations........When a party shall present himself claiming under the heirs of Judge Wilson, it will be soon enough to consider the effect of the long delay and inaction which have attended their title, and to decide whether they are concluded or not; but until that happens the inquiry will be impertinent and superfluous." In the case of Brolaskey v. McClain, supra, the court stated: "If anything has been settled by the repeated decisions of this court, it is, that the holder of the legal title to land may maintain ejectment for its recovery; and a wrongdoer or intruder cannot set up the title of the cestui que trust as a defense to the action; nor can he object to the title of the plaintiff founded on the conveyance of a legal estate by the trustee on the ground of its having been an abuse of the trust. It matters not to an intruder, or to one who shows no title, whether the legal title belongs absolutely to the holder thereof, or whether it is held in trust for another. He cannot set up an outstanding equity in a third person to foil the plaintiff in an ejectment brought by a trustee on the legal title."

The second reason which the appellant urges for

reversal is that the plaintiffs having been notified to bring an action of ejectment and having failed to do so, are now barred.  Prior to the institution of this suit defendant filed his petition and entered a rule upon plaintiffs' predecessor in title to bring his action in ejectment, that he claimed title to certain lands described and referred to in the petition, or suffer judgment.  No action was brought in response to said rule, and defendant took judgment for the lands described in his petition.  That petition described in a general way all the lands of a given tract formerly submerged with particular reference to land surrounding the oval neck, or island now in dispute, but did not contain any special or particular reference to this island or neck of land.  The plaintiffs strenuously deny that the land in question was embraced in the land described in the notice.  There seems to have been a valid dispute as to this and the matter was left to the jury which failed to come to a conclusion.  We cannot see how the court could take the matter in its own hands and hold that the land described in the notice did embrace the land in question, for there seems to be some room for doubt about it.  If the court could not rule this as a matter of law, ordering a new trial was the proper action under the circumstances.

We have only considered the matters raised in the statement of questions involved.  The lower court was right in refusing judgment.

The assignments are overruled and the order of the lower court is affirmed.

HENDERSON dissents.