# O'Kane *v.* Murray et al., Appellants.

*Ejectment—Disagreement of jury—Issue of fact—Motion for judgment upon the whole record refused.*

Where in an action of ejectment, the jury disagreed, it was not error for the trial court to refuse defendant's motion for judgment upon the whole record, it appearing that the issue was one of fact.

*Appeals—Motion for judgment upon whole record refused—Acts of April 20, 1911, P. L. 70, and April 9, 1925, P. L. 221.*

Where a jury disagrees and the trial court, being of the opinion that the case should be retried, refuses defendant's motion for judgment upon the whole record, the defendant has no right of appeal from the action of the trial court under the Act of April 20, 1911, P. L. 70.

Argued April 29, 1926.    Appeal No. 168, April T., 1926, from order of C. P. Allegheny County, October T., 1920, No. 536, in the case of Edward O'Kane v. James W. Murray, James B. Murray, Mary K. Wilkinson and James Wilkinson, her husband, Margaret Burk and Taylor Burk, her husband, Oliver H. Murray and William J. Murray, heirs of Mary Katherine Murray, deceased. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP, and CUNNINGHAM, JJ. Affirmed.

Ejectment to recover lot in tenth ward in the city of Pittsburgh. Before CARPENTER, J.

The facts are stated in the opinion of the Superior Court.

The court refused to enter judgment for defendant on the whole record after disagreement of the jury. Defendant appealed.

*Error assigned* was the order of the court.

*Ben. H. Giffen,* and with him *Walter S. Lobingier,* for appellants.

*Thomas M. Marshall,* and with him *R. P. Marshall* and *M. R. Marshall,* for appellee.

OPINION BY CUNNINGHAM, J., July 8, 1926:

Appellants were defendants in an action of ejectment in which the jury disagreed. Both sides presented points for binding instructions which were refused by the trial judge. The defendants moved for judgment in their favor upon the whole record. From the refusal of the court below to grant said motion this appeal was taken. This was the second jury which failed to reach a verdict in this case.

The issue arose in the following manner: It was admitted that James W. Murray had title prior to 1916 to a part of lot No. 95 in the Sawyer plan of lots in the 10th Ward of the City of Pittsburgh, (the premises in dispute), upon which was erected a two-story dwelling house and garage, designated as 6306 Butler Street. He acquired this title to said part of lot No. 95 and to lots Nos. 93 and 94 in said plan by deed from the Warren Methodist Episcopal Mission Church, dated June 16, 1913. Murray was a licensed hotel keeper, having his place of business at No. 6300 Butler Street, which premises were owned by Joseph A. McCall.

By the year 1916 he was indebted in an approximate amount of $30,000. Among his creditors was Edward O'Kane who brought an action of assumpsit against Murray on February 24, 1916, which resulted in a verdict for O'Kane on October 24, 1917, in the sum of $6322. In the meantime, to wit, on October 2, 1916, Murray executed a power of attorney to his counsel, George J. Campbell, Esq., containing a list of certain of his creditors and the amounts respectively due them but not including O'Kane, although they had knowledge of said suit, in which Campbell was authorized to sell and dispose of Murray's business, procure a transfer of his license to the purchaser and endeavor to bring about an adjustment with Murray's creditors.

Among these creditors was Michael Letzelter and it
was finally arranged that Letzelter should purchase
the said business and the said lots Nos. 93, 94 and said
part of lot No. 95 for a total consideration of $15,000,
to be applied, after the payment of certain liens, to
the settlement of the claims of the listed creditors.
Michael Letzelter directed the deed for the real estate
to be made to his son, Lawrence W. Letzelter. It seems
that Mary Katherine Murray, the wife of the said
James W. Murray, refused to join in this deed until
assured by Campbell that he would try to secure a re-
conveyance to her of said part of lot No. 95, which was
her home. Accordingly the said James W. and Mary
Katherine Murray conveyed said real estate to said
Lawrence W. Letzelter by deed dated October 6, 1916,
and said Letzelter and his wife reconveyed said part
of lot No. 95 to Mary Katherine Murray for a nominal
consideration by deed dated October 24, 1916.

During the course of the proceedings the death of
Mary Katherine Murray occurred and her heirs at law
were substituted as defendants. At the trial the de-
fendants claimed title under the deeds just referred
to. The plaintiff, Edward O'Kane, through proceed-
ings upon the judgment entered upon said verdict, lev-
ied upon said part of lot No. 95 and, having purchased
the same at sheriff's sale on May 5, 1919, brought this
action in ejectment in 1920, claiming under his said
sheriff's deed. The plaintiff contended that as Mary
Katherine Murray was claiming the property against
her husband's creditor the burden was on her to prove
the good faith of the transactions by which the record
title became vested in her. The defendants claimed
that there had been a valuable consideration for the
conveyance to her; that she and her son had claims of
approximately $1000 each against Murray for serv-
ices rendered at said hotel. It was further contended
that in addition to the city property Murray owned a
farm in Allegheny County of the clear value of about

$10,000 and had therefore retained sufficient property with which to pay his indebtedness.

The learned trial judge fairly submitted to the jury the issues of fact arising out of these contentions and suggested to the jury that under one view of the evidence they might find that there had been a gift of the property from Letzelter. In his opinion and order overruling defendants' motion for judgment on the whole record, the trial judge after briefly reviewing the theories and contentions of the parties said, "But, in view of the testimony introduced, it would have been error to adopt one theory, to the exclusion of the other, and binding instructions could not, therefore, be given."

In our opinion the conclusion that the circumstances of this case require its submission to another jury is sound. The case of Mates v. Young, 251 Pa. 193, relied upon by the learned counsel for appellants, is not in point for the reason that it was submitted to the trial judge for the disposition by him of all questions of fact and law without a jury under the Act of April 22, 1874, P. L. 109. The only error assigned is the refusal to grant defendants' motion for judgment in their favor upon the whole record and this assignment is accordingly dismissed.

Although the question was not raised by the appellee, we deem it proper to say, to the end that our disposition of this case upon its merits may not be misunderstood in the future, that it is extremely doubtful whether the appellants had any right to take this appeal. They rely upon the Act of April 20, 1911, P. L. 70. Their point for binding instructions having been refused, that act gave them the right to move for judgment in their favor upon the whole record. It then became the duty of the court below, "unless it shall be of opinion that the case should be retried," to enter such judgment, if any, as under the law should have been entered upon the evidence at the time of trial, etc.

It is from a "judgment thus entered" that the party against whom it is entered may appeal. Here no judgment was entered because the court was "of opinion that the case should be retried" and no provision is made for an appeal under such circumstances unless it is to be found in the Act of April 9, 1925, P. L. 221, providing, under certain prescribed conditions, for appeals from an order directing a new trial. That act, however, is an amendment of the original Act of April 22, 1905, P. L. 286, which applies only to motions for judgment non obstante veredicto.

The scope and effect of said amendment of 1925 are fully considered in the opinion of our Supreme Court in the case of March v. Philadelphia and West Chester Traction Co., 285 Pa. 413, and in the opinion of this court in the case of Harkai et al. v. Pisano, 88 Pa. Superior Ct. 475. Even if the present appeal should be deemed analogous to the appeals authorized by said amendment, it would be our clear duty to affirm under these cases.

The order of the court below dismissing appellants' motion for judgment on the whole record is affirmed.