Automobile Banking Corporation, Appellant, *v.*
Drahus.

Argued March 6, 1940.

Before KELLER, P. J., CUNNING-
HAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT,
JJ.

*Louis Shaffer,* for appellant.

*James Lenahan Brown,* for appellee.

OPINION BY BALDRIGE, J., June 25, 1940:

The plaintiff, an assignee of a bailment lease covering
an automobile leased to the defendant, brought an ac-
tion of replevin alleging default in the payment of
rental under the terms of the lease. The automobile
dealer, the lessor, fraudulently procured the lessee's
signature to the lease which was offered in evidence. It
is stated there that the total purchase price was $1447,
with a cash credit of $535, leaving a balance of $912,
payable in 16 monthly installments of $57 each. The
defendant alleged that the lease he signed provided for
a down payment of $905, which amount had been paid,
and 16 monthly installments of $33.

The controversy involved is whether the plaintiff or
defendant should bear the loss caused by the fraudu-
lent dealer's action. At the trial the jury disagreed
and was discharged. The plaintiff then filed a motion
under Section I of the Act of April 20, 1911, P. L. 70

(12 PS §684) for judgment on the whole record. The court below in dismissing the motion, stated that it deemed the evidence was sufficient to submit to the jury the question whether the fraudulent dealer was plaintiff's or defendant's agent.

In *Lipsky v. Stolzer*, 236 Pa. 151, 84 A. 688, the jury disagreed and was discharged. Thereupon the defendant moved for a judgment in his favor upon the whole record. The only action taken by the court was "Motion dismissed." The court there stated: (p. 154) "This was not a judgment in contemplation of the act. It was simply the denial of the motion to certify the evidence and to enter judgment which was proper if the court was of the opinion that the case should be retried. We must assume that the motion to certify the evidence and for judgment was denied for that reason, otherwise the court would have entered a judgment in the case. If the evidence is conflicting the court cannot enter judgment under the statute." The appeal, accordingly, was quashed. See, also, *O'Kane v. Murray*, 89 Pa. Sup. Ct. 11.

It is only where the plaintiff's own uncontradicted testimony would have entitled defendant to a judgment on the whole record that an appeal lies. In that event the appellate court will enter the judgment which the court below should have entered: *Conley v. Mervis*, 324 Pa. 577, 188 A. 350.

A review of this record convinces us that the court was correct in concluding the disputed facts were for the jury's consideration. It necessarily follows that as no judgment was, or should have been entered, an appeal does not lie. Following our usual practice, in such circumstances, we will not discuss the merits of the case.

Appeal is quashed at costs of appellant.