National Carloading Corporation, Appellant, *v.* Lee.

Argued October 12, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

*Walter M. Phillips,* with him *Rowland C. Evans, Jr.,* of *Krusen, Evans & Shaw,* for appellant.

*Francis W. Sullivan,* for appellee.

OPINION BY BALDRIGE, J., November 18, 1942:

The plaintiff, the National Carloading Corporation, brought an action of assumpsit to recover $1375.18 with interest, alleging that the defendant, a common carrier, orally agreed to carry and deliver in good condition five cases of plate glass but breached its contract in failing to deliver the merchandise as agreed.

The defendant denied that he entered into an agreement to carry glass and averred that the plaintiff orally requested him, and he agreed, to send to plaintiff's terminal a truck for the purpose of delivering five ice box units to the Breyer Ice Cream Company. When the truck arrived at the designated place the supervisor of the plaintiff ordered his men to load the truck. Defendant's driver, who had been given instructions where he was to go and what his load would be, left the premises for a short period and when he returned he saw his truck, which was not adapted for carrying glass, loaded with five cases of plate glass. Boston, the driver of the truck, refused to sign the freight bill as was the custom on receiving material to be hauled and gave notice to the supervisor that the truck would not carry the cargo and that he would not be responsible for its safety. Boston testified that the truck moved only at the insistence of the plaintiff's supervisor and began its journey to Delaware Avenue and Walnut Street where the glass was to be taken. In transit the uprights on the one side of the truck broke and the cases fell to the street.

The case was tried before GLASS, J. The jury, having failed to agree, was discharged and thereupon the plaintiff moved the court for a judgment in its favor on the whole record. The controlling question before us is whether the court erred in not granting plaintiff's motion on the record as it existed at the close of the trial: *Ozanich v. Metropolitan Life Insurance Company,* 119 Pa. Superior Ct. 52, 55, 180 A. 576; *Mincy v. Washing-*

*ton National Insurance Company,* 130 Pa. Superior Ct. 285, 295, 196 A. 893.

The appellant vigorously asserts that it is entitled to judgment as Boston had, if not actual authority, at least apparent authority, by reason of a long course of conduct, to receive delivery of the glass or any other merchandise without specific orders; that there was no dispute as to the agency of Boston, the scope of his authority, or the facts given rise thereto.

The pleadings show that there were admissions that defendant was a common carrier, the goods were damaged or never delivered, and of the defendant's refusal to pay the plaintiff's claim. The main factual issue, over which there was a decided conflict of testimony, related to the terms of the contract of hire. There were other less important controversies over the person who was in charge and gave the orders when the glass was being loaded. There was testimony that raised an issue as to the scope of authority and agency of Boston. The decision of those matters depended largely upon a determination of disputed facts.

The appellant's contentions, to which we have given due consideration, cannot prevail as this suit is based upon an alleged oral contract to do a specific thing, viz., haul and deliver glass. The jury might have accepted as true the testimony of Lee that no such contract existed and of Boston as to what transpired at plaintiff's terminal. If so, the plaintiff was not entitled to recover. The plaintiff did not concede the truth of defendant's version of the contract, but relied upon disputed oral testimony it introduced. In such circumstances the court would not have been warranted in holding that no factual issue was involved. It was for the jury to pass upon the credibility of the witnesses and to decide the issues under proper instructions from the court: *Nanty-Glo Boro. v. American Surety Co.,* 309 Pa. 236, 238, 163 A. 523; *Brelish v. Prudential Insurance Company of*

*America,* 109 Pa. Superior Ct. 1, 7, 165 A. 516; *Freeman et al., to use, v. Miners Savings Bank,* 144 Pa. Superior Ct. 540, 544, 19 A. 2d 514. *Conley et al., v. Mervis,* 324 Pa. 577, 588, 188 A. 350, cited by the appellant, expressly states that conflicting evidence necessitates the determination of questions of fact by a jury.

An appellate court will not reverse a lower court in dismissing a motion for judgment on the whole record after the disagreement of a jury and the granting of a new trial unless a palpable abuse of discretion on the part of a trial judge is disclosed or it appears that he relied solely upon an erroneous rule of law which necessarily controls the outcome of the case: *Phillips v. American Stores Company,* 342 Pa. 33, 36, 20 A. 2d 190. We are in accord with the disposition of this motion made by the learned court below.

Order is affirmed.