## Thomas et vir *v.* Brohm, Appellant.

Argued March 25, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*William A. Challener, Jr.*, with him *Raymond E. Brown, Charles J. Margiotti, William A. Challener* and *Challener & Challener*, for appellant.

*John W. Conrad*, for appellees.

PER CURIAM, May 29, 1946:

Velma M. Thomas and John R. Thomas, her husband, appellees, instituted this action in trespass against W. L. Brohm, appellant, to recover damages for an alleged violation of appellee wife's right of privacy during childbirth and for negligence in the delivery of her child. The case was tried before a jury which failed to agree. These appeals are from the order of the court below dismissing appellant's motions for judgment on the whole record and granting a new trial.

Appellant assigns as error the refusal of the trial judge to direct a verdict in his favor and the granting of a new trial.

This Court will not reverse an order dismissing a motion for judgment on the whole record and granting a new trial unless there is disclosed a clear abuse of discretion or unless an erroneous rule of law necessarily controlling the case is certified by the trial judge as the sole reason for his action: *Hoban v. Conroy*, 347 Pa. 487, 489, 32 A. 2d 769, 770. In granting the new trial the court below said, "From the weight of the oral, competent, credible testimony we find that a re-trial of the case is necessary in order to do substantial justice between the parties." This Court, in *Hoban v. Conroy*, supra, held: ". . . A statement by the court below that a re-trial on the case is deemed necessary to do substantial justice forecloses further inquiry where no abuse of discretion is shown."

Careful consideration of the entire record reveals a valid exercise of discretionary power by the court below. See *Rossner v. Pennsylvania Railroad Company*, 354 Pa. 385.

Order of the court below is affirmed.