Rossner, Admrx., *v.* Pennsylvania Railroad Company, Appellant.

386

Argued March 27, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Samuel W. Pringle,* with him *Bruce R. Martin* and *Dalzell, McFall, Pringle & Bredin,* for appellant.

*E. V. Buckley,* with him *Mercer & Buckley,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, May 27, 1946:

This appeal is from the refusal of the court below to grant defendant's motion for judgment upon the whole record under the Act of April 20, 1911, P. L. 70, section 1, 12 PS, section 684, where the jury disagreed.

That act provides that: "Whenever upon the trial of any issue a point requesting binding instructions has been reserved or declined, and the jury have disagreed, the party presenting the point may . . . move the court to have all the evidence taken upon the trial duly certified and filed so as to become part of the record, and for judgment in his favor upon the whole record; whereupon it shall be the duty of the court, *unless it shall be of opinion that the case should be retried,* to so certify the evidence, and to enter such judgment, if any, as under the law should have been entered upon that evidence at the time of trial, at the same time granting to the party against whom the judgment is rendered an exception to

the action of the court in that regard. From the judgment thus entered the party against whom it is entered may appeal to the Supreme or Superior Court, as in other cases, which shall review the action of the court below, and enter such judgment, if any, as should have been entered by the court below upon that evidence" (italics ours).

The statutory procedure was followed. The motion for judgment on the whole record was refused and a new trial granted. The statute expressly authorizes the grant of a new trial instead of passing upon the motion for judgment on the whole record. We review the action of the court, in such cases, to ascertain whether there was any abuse of discretion.

The reasons assigned by the court below for its refusal of defendant's motion may be summarized as follows: The evidence does not show affirmatively all the facts of the accident; no sufficient evidence was presented to establish the decedent's alleged contributory negligence; and "the cause of justice is best served by refusing the motion for judgment . . . and by granting a new trial."

We will not recite the facts of this unusual accident, but we have, however, read the testimony and all agree that there has been no abuse of discretion by the court below.

The act specifically provides that the motion for judgment for defendant on the whole record is to be granted *"unless it (the court) shall be of opinion that the case should be retried."* As the court below is of opinion that the case should be retried, we see no error in its ruling. See *Lipsky v. Stolzer,* 236 Pa. 151, 84 A. 688; *Hoban v. Conroy,* 347 Pa. 487, 32 A. 2d 769; 6 Standard Pa. Practice, section 188, page 416. See also: *Thomas v. Brohm,* 354 Pa. 384, 47 A. 2d 244.

The order of the court below is affirmed.