## DeWaele *v.* Metropolitan Life Insurance Company, Appellant.

Argued December 3, 1947; reargued January. 16, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Joseph S. Clark, Jr.*, with him *Arthur E. Newbold, 3rd, Harry Cole Bates* and *Barnes, Dechert, Price, Smith & Clark*, for appellant.

*Thomas D. McBride*, with him *William J. Woolston* and *McBride, Lipschitz, Woolston, Berger & Bohlen*, for appellee.

OPINION BY MR. JUSTICE JONES, March 22, 1948:

Upon a trial of the merits of this action in assumpsit, the jury disagreed and was discharged without rendering a verdict. The defendant, having presented a point for binding instructions which had been overruled, duly filed a motion with the trial court, pursuant to the Act of April 20, 1911, P. L. 70, 12 PS §684, for judgment upon

the whole record.[1] The court en banc subsequently over-ruled the motion and the defendant took this appeal. The question involved, *in limine,* is whether there is a right of appeal under the Act of 1911, cit. supra, from the refusal of a motion for judgment upon the whole record. That question has been exhaustively argued before a full bench upon a reargument on our own motion. In the view we take of this question, it becomes unnecessary for us to go into the merits of the case.

The Act of 1911 does not afford a right of appeal in the circumstances here present. Consequently, we are without jurisdiction to entertain the instant appeal. Such properly comports with this Court's ruling in *Lipsky v. Stolzer,* 236 Pa. 151, 153-154, 84 A. 688, decided in 1912 in what, notably, was the first appellate court interpretation of the Act of 1911. In that case, the question was directly raised on a motion to quash and was as directly answered. Mr. Justice MESTREZAT, speaking for the Court, clearly and cogently reasoned from the plain words of the statute that it is only where *a judgment* is entered on a motion, appropriately made

---

[1] The Act of 1911, P. L. 70, provides as follows in material part:

"Whenever upon the trial of any issue a point requesting binding instructions has been reserved or declined, and the jury have disagreed, the party presenting the point may, within the time prescribed for moving for a new trial, or within such other or further time as the court shall allow, move the court to have all the evidence taken upon the trial duly certified and filed so as to become part of the record, and for judgment in his favor upon the whole record; whereupon it shall be the duty of the court, unless it shall be of opinion that the case should be retried, to so certify the evidence, and to enter such judgment, if any, as under the law should have been entered upon that evidence at the time of trial, at the same time granting to the party against whom the judgment is rendered an exception to the action of the court in that regard. From the judgment thus entered the party against whom it is entered may appeal to the Supreme or Superior Court, as in other cases, which shall review the action of the court below, and enter such judgment, if any, as should have been entered by the court below upon that evidence."

pursuant to the Act of 1911, that a right of appeal to the Supreme or Superior Court (as the case may be) exists *in favor of the party against whom such judgment is rendered* and, further, that an order denying a motion for judgment upon the whole record (e.g., "motion dismissed" as in the *Lipsky* case) is not a judgment within the contemplation of the Act and, therefore, is not appealable. What the *Lipsky* case thus definitely and conclusively settled was evidently so thoroughly understood by the bar at large that, throughout the succeeding twenty-four years, no one ever attempted to appeal to this Court from an order dismissing or refusing a motion for judgment upon the whole record under the Act of 1911.

During the same period, however, two such appeals were taken to the Superior Court; and, for some unexplained as well as unperceivable reason, the *Lipsky* case was neither mentioned nor was its ruling referred to in the opinions for the Superior Court. In neither case was the question of the right to appeal raised or argued. In the earlier case (*W. H. Buck et al. v. McArthur*, 86 Pa. Superior Ct. 49, 1925), the Act of 1911 was merely cited (p. 52) as the authority for the motions made *by both sides* in that case for judgment upon the whole record. Plainly enough, therefore, no question, as to whether there was appellate jurisdiction, was or could have been raised by either party in the circumstances indicated. In the other case, *O'Kane v. Murray*, 89 Pa. Superior Ct. 11 (1926), although the non-appealability of the order overruling the motion for judgment upon the whole record in that case was not raised, Judge CUNNINGHAM, in the opinion for the Court, pointed out that a right of appeal in the situation obtaining could not be derived from the patent terms of the Act of 1911; that the Act of April 9, 1925, P. L. 221 (an amendment of the Judgment Non Obstante Veredicto Act of April 22, 1905, P. L. 286), conferred no right of appeal from the refusal of a judgment upon the whole record under

the Act of 1911; and concluded by cautioning (p. 14) that ". . . we deem it proper to say, to the end that our disposition of this case upon its merits may not be misunderstood in the future, that it is extremely doubtful whether the appellants had any right to take this appeal. They rely upon the Act of April 20, 1911, P. L. 70."

The need for the 1925 amendment of the N. O. V. Act of 1905, referred to in the opinion for the Superior Court in the *O'Kane* case, supra, had been made quite evident by this Court's opinion in *Sloan v. Miller*, 275 Pa. 452, 455, 119 A. 556 (1923). In the latter case, it was held that ". . . the [N. O. V.] Act of April 22, 1905, P. L. 286, affords a right of appeal *only when a final judgment is entered* on the whole record". (Emphasis supplied). Consequently, the refusal of a motion for judgment n.o.v., where the court contemporaneously set aside the verdict by granting a new trial, was held not appealable because there was no judgment. The only appeal possible in such circumstances was from the grant of the new trial which action is " '. . . never reverse[d] unless it clearly appears the trial court abused its discretion by acting arbitrarily or under a plain mistake of law' ", as quoted in the *Sloan* case, supra, from *Hess v. Gusdorff*, 274 Pa. 123, 124, 117 A. 671. As a direct result of the ruling in the *Sloan* case, the legislature, at its very next session, enacted the amendment of April 9, 1925, P. L. 221, 12 PS §683, conferring a right of appeal from the refusal of a motion for judgment n.o.v., when accompanied by an order setting aside the verdict and awarding a new trial, the same as where a judgment is entered notwithstanding the verdict. But, *the Act of 1911 was not amended in any way.*

Thus, did the interpretation of the Act of 1911, as contained in the *Lipsky* case, receive strong, implied legislative confirmation in 1925. If that be not so, then, why did the legislature act affirmatively by the amendment of 1925 to confer a right of appeal from the refusal

of a motion for judgment n.o.v. *under the Act of 1905* and not do likewise with relation to the refusal of a motion for judgment upon the whole record under the Act of 1911 except for a controlling legislative intent that the law with respect to appeals under the Act of 1911 should remain as the *Lipsky* case had construed it to be, viz., that "until a judgment is entered [under the Act of 1911] there can be, of course, no appeal to this court"? The question furnishes its own answer; and, the pertinent rules of statutory construction confirm the validity of the answer: cf. *March v. Philadelphia & West Chester Traction Co.*, 285 Pa. 413, 415, 132 A. 355. Nor can it reasonably be argued that the Act of 1925 in any way altered the restrictions in the Act of 1911 that an appeal thereunder be solely from "the judgment thus entered", i.e., on a motion for judgment upon the whole record following a disagreement of the jury, or that the right of appeal thereby conferred run *only* in favor of "the party against whom it [i.e., the judgment] is entered ... .". In the *March* case, supra, which was this Court's first construction of the amendatory Act of 1925, it was said that "What the statute [1925] does, and wisely does" is to supply a deficiency in the Act of 1905 (as had theretofore been judicially ascertained in the *Sloan* case). But, the Act of 1925 in no way affected, nor was it intended to affect, the Act of 1911: cf. also Title to the Act of April 9, 1925, P. L. 221.

Such was the settled state of the germane law at the time of the decision in *Conley v. Mervis*, 324 Pa. 577, 587-588, 188 A. 350 (1936), where, for the first time, this Court assumed jurisdiction of an appeal from an order refusing a motion for judgment upon the whole record under the Act of 1911 and then entered judgment for the defendant.

The collateral effect of the action so taken in the *Conley* case on the question of appellate jurisdiction under the Act of 1911 (which is our principal present concern) was to set in train a relatively large number

of similar appeals,[2] for the most part ineffectual,[3] and leave behind confusion and inconsistency in the decisional law on the procedural question involved. Upon treating with the defendant's motion to quash, the *Conley* opinion did little more, if anything, than mention *Lipsky v. Stolzer* and did that in the relatively brief last paragraph of a lengthy opinion devoted almost entirely to a discussion of the trial court's error in restricting cross-examination by the defendant. In fact, the *Lipsky* case was mentioned in the *Conley* case just twice, once narratively, merely to identify it as the authority cited by the defendant in support of his motion to quash, and the second time in the following statement, viz., "If there was conflicting evidence necessitating the determination of question of fact by a jury, *undoubtedly the rule of the Lipsky case would require that the appeal be quashed*". (Emphasis supplied.) So that, instead of *Conley v. Mervis* overruling the *Lipsky* case, it affirmatively recognized the continuing force of that authority. Indeed, the very statement quoted above plainly reveals the inherent fallacy of the decision in the *Conley* case. What that case obviously sought to hold was that, where a judgment upon the whole record should have been entered by the court below, an appeal from the refusal to enter judgment in such circumstances lies under the Act of 1911, but where, upon the review of such an appeal, there appears to be "conflicting evidence necessitating [a] determination . . . by a jury . . . the rule of the Lipsky case would require that the appeal be quashed". In short, the ruling of the *Conley* case is that, *if a judgment should have been entered below, then there is a*

[2] The inspirational influence of *Conley v. Mervis* was not felt immediately. For three years thereafter there was not another like appeal. But, from 1939 to 1947, both inclusive, there have been thirteen such appeals to this Court and four to the Superior Court.

[3] The thirteen indicated appeals to this Court resulted in but three reversals with entry of judgment on the merits, ten going back for new trial. Of the four appeals in the Superior Court, two resulted in reversals, one was quashed and one affirmed for retrial.

*right of appeal but, otherwise, not.* It is, of course, hornbook that jurisdiction can never be made to depend upon the character or extent of the relief affordable under the particular facts. In *Zerbe Township School District v. Thomas et al.,* 353 Pa. 162, 165-166, 44 A. 2d 566, Mr. Justice STERN quoted from *Main Cleaners & Dyers, Inc. v. Columbia Cleaners, Inc.,* 332 Pa. 71, 73, 74, 2 A. 2d 750, 751, and cited a number of supporting cases to the effect that " 'The test of jurisdiction is whether the court has power to enter upon the inquiry, not whether it may ultimately decide that it is unable to grant the relief sought in the particular case' ". And, in *Hellertown Borough Referendum Case,* 354 Pa. 255, 259, 47 A. 2d 273, the following appears in the opinion of Mr. Chief Justice MAXEY,—"In Hefferman's Appeal, 121 Pa. Superior Ct. 544; 184 A. 286, President Judge KELLER said : "The test of jurisdiction is whether the court has the power to enter on the inquiry; not whether it can, in the circumstances here present', grant what is asked for".

The appellant's assertion that "This Court has consistently followed *Conley v. Mervis* ever since" is not borne out by the reported cases. Of the thirteen appeals to this Court, since *Conley v. Mervis,* from refusals of judgments under the Act of 1911, in nine of them the question as to the right of appeal under the Act was neither raised, discussed nor passed upon : see *McFadden v. Pennzoil Company,* 336 Pa. 301, 9 A. 2d 412 (1939) ; *Welch v. Sultez,* 338 Pa. 583, 13 A. 2d 399 (1940) ; *Dicenzo v. Berg,* 340 Pa. 305, 16 A. 2d 15 (1940) ; *Shapiro v. Philadelphia Electric Company,* 342 Pa. 416, 21 A. 2d 26 (1941) ; *Stabelli v. Somerton Building & Loan Association,* 343 Pa. 460, 23 A. 2d 477 (1942) ; *Moore v. Meyer & Power Company,* 347 Pa. 152, 31 A. 2d 721 (1943) ; *Prattico v. Hudson Coal Company,* 347 Pa. 490, 32 A. 2d 733 (1943) ; *Bricker v. Gardner,* 355 Pa. 35, 48 A. 2d 209 (1946) ; *Davin v. Levin,* 357 Pa. 554, 55 A. 2d 364 (1947). In fact, *Conley v. Mervis* was mentioned in only one of those nine cases (*McFadden v.*

*Pennzoil Company,* supra) and, then, collaterally and not on the question of appeal.

In the remaining four cases, where the right of appeal under the Act of 1911 was either considered or alluded to, the rule of the *Conley* case was not followed in a single instance: see *Phillips v. American Stores Company,* 342 Pa. 33, 20 A. 2d 190 (1941); *Hoban v. Conroy,* 347 Pa. 487, 32 A. 2d 769 (1943); *Thomas v. Brohm,* 354 Pa. 384, 47 A. 2d 244 (1946); *Rossner v. Pennsylvania Railroad Company,* 354 Pa. 385, 47 A. 2d 243 (1946). In these four cases we did confirm the right of appeal and disposed of them on the merits but on the ground that they were in effect appeals from the granting of new trials and, therefore, reviewable, as at common law, for a palpable abuse of judicial discretion or for a plain error of law which induced the court's granting of the new trial. For example, in the *Phillips* case, supra, it was said that, "The situation presented to us [i.e., where a motion for judgment on the whole record under the Act of 1911 has been refused] is therefore the same as if the court had granted a new trial after a verdict. On an appeal from an order such as the one here complained of, we never reverse unless a palpable abuse of discretion on the part of the trial judge is disclosed or unless an erroneous rule of law, which in the circumstances necessarily controls the outcome of a case, is certified by the trial judge as the sole reason for his action: [citing cases]." *Hoban v. Conroy,* supra, was disposed of on the identical ground and the *Phillips* case was cited as authority. Likewise, *Thomas v. Brohm,* supra, was disposed of on the same ground on the authority of *Hoban v. Conroy.* And, in *Rossner v. Pennsylvania Railroad Company,* the order refusing a motion for judgment under the Act of 1911, which superfluously included a grant of a new trial, was affirmed on the ground that "As the court below is of opinion that the case should be retried, we see no error in its ruling [i.e., refusing the motion for judgment upon the whole record]",

citing *Lipsky v. Stolzer*, supra, *Hoban v. Conroy*, supra, and *Thomas v. Brohm*, supra. By contrast, the rule of *Conley v. Mervis*, as will be recalled, is that if, on the admitted or undisputed facts of a case, where the jury has disagreed, the court below should have granted a motion for judgment upon the whole record, there exists a right of appeal to this or the Superior Court, as the case may be, from the lower court's refusal so to enter judgment.

Since the decision in *Conley v. Mervis* there have been four appeals to the Superior Court from refusals of motions for judgment under the Act of 1911 following jury disagreements (footnote 2, supra). In the earliest of those cases (*Kasmer v. Metropolitan Life Insurance Company*, 140 Pa. Superior Ct. 46, 47, 12 A. 2d 805, 1940), the rule of the *Conley* case was followed both in entertaining the appeal and in entering judgment for the defendant. But, just two months later, in *Automobile Banking Corporation v. Drahus*, 140 Pa. Superior Ct. 469, 471, 13 A. 2d 874 (1940), Judge BALDRIGE, speaking for a unanimous court, quashed that appeal on the authority of *Lipsky v. Stolzer*, supra. Then, in *E. A. Bream Company v. Baltimore and Ohio Railroad Company*, 149 Pa. Superior Ct. 164, 166, 27 A. 2d 898 (1942), on the strength of certain cited cases of this Court including, inter alia, the *Phillips, McFadden* and *Conley* cases, supra, the Superior Court held that ". . . an appeal will lie where binding instructions should have been given for the defendant, *unless the lower court, in refusing the motion, stated that, in its opinion, error, prejudicial to the plaintiff, had been committed on the trial, or that it deemed a new trial necessary to do substantial justice:* [citing cases]". (Emphasis supplied.) And, in the latest of the four appeals (*National Carloading Corporation v. Lee*, 151 Pa. Superior Ct. 23, 28 A. 2d 811, 1942), the question of the right to appeal under the Act of 1911 was not raised, discussed or passed upon; and, neither the Act nor the

*Conley* case was cited. But, on the avowed authority of the *Phillips* case, supra, the extent of the review on appeal was held to be the same as on an appeal from the granting of a new trial. It is apparent, therefore, that the Superior Court has not uniformly followed the rule of the *Conley* case.

From what we have shown, we believe it is clear that the ruling in *Conley v. Mervis* has not been followed by this Court *in any instance* where the question of the right to appeal from the refusal of a motion for a judgment under the Act of 1911 has been raised or considered. On the other hand, as justification for appeals in such cases, an entirely different legal theory has grown up, viz., that the refusal to enter judgment upon the whole record is tantamount to the granting of a new trial and that the granting of a new trial remains appealable by virtue of a common law right thereto, unaffected by the procedural statutes which authorize entry of judgment upon the whole record: cf. *March v. Philadelphia & West Chester Traction Co.*, supra, which, however, was exclusively concerned with the N. O. V. Act of 1905 and its 1925 amendment.

But, such an appeal, in connection with action taken under the Act of 1911, is an anomaly, for, while the right to appeal from the granting of a new trial derives from the common law and does not depend for its existence upon the statute, the scope of the appeal embraces no more than a review for a palpable abuse of discretion or a plain error of controlling law. Where the jury disagrees, unless a judgment be entered upon the whole record, a new trial ensues without a grant thereof by the court. Manifestly, therefore, there is no place even for a review of judicial discretion where none has been exercised and where judicial action would have been vain and inefficient. It can make no material difference whether the court, in disposing of a motion for judgment upon the whole record, simply orders "motion dismissed", as in the *Lipsky* case, or adds to such action

an order for a new trial. In the given situation, the latter provision would be but surplusage. The retrial results from the jury's disagreement and, with the motion for judgment upon the whole record denied, the new trial follows in due course as a matter of law. It would be absurd to say that a right to appeal, after the denial of a motion for judgment upon the whole record under the Act of 1911, depends upon whether the court included with its order, denying the motion for judgment, a direction for a new trial. A court is ineffectual to grant what it lacks the power to withhold. Incidentally, *Lipsky v. Stolzer* did not, as the appellant suggests, ignore "the common law rule permitting an appeal from an order granting a new trial". The *Lipsky* case was simply not concerned with such an appeal since the new trial was not the result of an exercise of judicial discretion but followed from the disagreement of the jury.

In any view, it cannot reasonably be denied that, so far as the terms of the Act of 1911, itself, are concerned, the Act makes but one matter appealable, viz., "the judgment thus entered", that is, on a motion for judgment upon the whole record following disagreement by the jury, and confers the right of appeal upon but one party, viz., "the party against whom [such judgment] is entered . . .". *Lipsky v. Stolzer* correctly so interpreted the statute and pertinently held, in addition, that an order dismissing or denying a motion for judgment upon the whole record under the Act of 1911 is not a judgment within the contemplation of the Act, as indeed it is not: cf. Restatement, Judgments, §§ 1, 2 and 3. The appellant affirmatively concedes as much. Its brief states,—"It may be admitted that *Lipsky v. Stolzer,* supra, interpreted literally and logically the language of the Act of 1911. That Act does not, literally construed, permit an appeal in the absence of a judgment entered in the lower court." Yet, in the present instance, we have an appeal under the Act of 1911, although no

judgment was entered by the court below, and an appellant against whom no judicial action has been taken. He is merely the party whose motion for judgment was overruled and, for such, the statute provides no appeal.

Against all of this, only one argument, based on supposed expediency, is advanced for maintaining in force the allowance of appeals under the rule of *Conley v. Mervis*. The appellant argues that such appeals serve "to expedite the determination of litigation",—a suggestion derived, no doubt, from a dictum of the *Conley* case to the effect that ". . . the act [of 1911] was not intended to be productive of unnecessary . . . litigation". But, just what has been the actual experience since the decision in the *Conley* case? As stated in footnote 3, supra,—of the thirteen subsequent appeals to this Court, only *three* resulted in the entry of judgments here. The other *ten* cases were returned for the retrial which otherwise would have ensued promptly, following denial of the motions for judgment, had the appeals not been taken. Furthermore, in the very nature of such appeals, all of the testimony must be printed for the review; and, as a consequence, large and expensive records were brought up on those ineffectual appeals to no good or useful purpose whatsoever. So that, contrary to the above-quoted comment of the *Conley* case, this "unnecessary . . . litigation" was *not* the product of the Act but resulted from a disregard of the Act and its long-settled and sound interpretation.

The appellant decries what it speaks of as the reinstatement of *Lipsky v. Stolzer*. But, the characterization is not accurate. The *Lipsky* case is in no need of reinstatement. It has never been overruled; its continuing validity was expressly recognized in *Conley v. Mervis*; and, the most that has ever been claimed for the *Conley* case is that it "modified" the rule of the *Lipsky* case: see *Phillips v. American Stores Company*, supra, at p. 35. All that need be done, therefore, and all we have endeavored to do herein is to clear away the confu-

sion that the ruling in *Conley v. Mervis* unfortunately had the effect of injecting into the procedural question and, so, leave extant in full vigor the interpretation of the Act of 1911 as contained in *Lipsky v. Stolzer*. If persisting in a legal error over a period of years can, in any circumstances, become justification for judicial condonation of the error for the future, this case certainly does not present any such situation in the light of the reported decisions as we have reviewed them.

The appellant seems to overlook entirely the crucial difference between the circumstances underlying the entry of a judgment *non obstante veredicto* under the Act of 1905, as amended, and the entry of a judgment upon the whole record under the Act of 1911. In the first category, the facts are conclusively established, as a matter of law, by a jury's verdict, while in the second group there has been a disagreement of the jury and no one but the court can find the facts in passing upon a motion for judgment under the Act of 1911. There is a very real danger in the latter situation of judicial invasion of the time-tested and time-honored province of the jury. The integrity of the right of trial by jury can best be preserved in such connection, as the Act of 1911 endeavors to safeguard it. In keeping with the intent there shown, where a trial has resulted in a disagreement of the jury, the case is to be tried again *if the trial court* is "of opinion that the case should be retried". After all, the right to move for judgment upon the whole record, after a disagreement of the jury, is of relatively recent creation. No such right existed at common law save for the practically ineffectual and undemandable "reserved point": see *March v. Philadelphia & West Chester Traction Co.*, supra, at p. 415. But, a trial court now has the power to enter judgments in such circumstances,—a power which will no doubt be appropriately and effectively exercised whenever the facts are such that reasonable and sensible men can not differ about them or draw conflicting inferences from them. That

power derives from the Act of 1911, supra, which we will do well to follow as written and as *Lipsky v. Stolzer*, supra, interpreted it.

The appeal is quashed at the appellant's costs.