Mary GIER, Respondent,

v.

Russell G. CLARK, Appellant.

No. 45462.

Supreme Court of Missouri,
Division No. 1.

April 8, 1957.

**520**

Walker, Daniel, Clampett & Rittershouse, Springfield, for defendant-appellant.

J. Ben Searcy, Eminence, Green & 'Green, Will H. D. Green, H. D. Green, West Plains, for plaintiff-respondent.

COIL, Commissioner.

■ Mary Gier sought $15,000 damages for the alleged wrongful death of her husband. Defendant's motion for directed verdict at the close of all the evidence was denied. The jury, unable to agree, was discharged and a mistrial declared. Within ten days thereafter defendant filed a motion for judgment in accordance with his prior motion for directed verdict. That motion was overruled. He appealed to this court. His notice of appeal stated that he appealed "from the Order and Final Judgment Overruling Defendant's 'Motion for Judgment in Accordance with Defendant's Motion for Directed Verdict Made at the Close of All the Evidence', the jury not having returned a verdict." The appeal should be dismissed because it is not one permitted by Section 512.020. Statutory references are to RSMo 1949 and V.A.M.S.

Section 510.290 provides: "Whenever a motion for a directed verdict made at the close of all the evidence is denied or for any reason is not granted the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion. Within ten days after the reception of a verdict, a party who has moved for a directed verdict may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion for a directed verdict; or if a verdict was not returned, such party, within ten days after the jury has been discharged, may move for judgment in accordance with his motion for a directed verdict. A motion for a new trial may be joined with this motion, or a new trial may be prayed for in the alternative.

If a verdict was returned the court may allow the judgment to stand or may reopen the judgment and either order a new trial or direct the entry of judgment as if the requested verdict had been directed. If no verdict was returned the court may direct the entry of judgment as if the requested verdict had been directed or may order a new trial."

It is appellant's contention that because the last sentence above quoted provides that the court may enter judgment "or may order a new trial," and because Section 512.020, supra, provides that an aggrieved party may appeal "from any order granting a new trial," the appeal in this case is proper.

■ Defendant's position is without merit. First, because, irrespective of all else, there was no trial court order granting a new trial and therefore defendant did not appeal from "any order granting a new trial." And it is apparent, and there is no contention otherwise, that the order overruling defendant's motion for judgment in accordance with his prior motion for directed verdict did not constitute a "final judgment" within the purview of Section 512.020. The trial court's sustention of such a motion would constitute a final judgment; the overruling of such a motion could not be a final judgment. Bailey v. Interstate Airmotive, 358 Mo. 1121, 1128, 219 S.W.2d 333, 335 [1], 8 A.L.R.2d 710.

■ In the event that appellant means that the order overruling defendant's motion for judgment in accordance with defendant's prior motion for directed verdict had the effect of "granting a new trial," even though no such order was sought or made, we hold that an order for a new trial entered under Section 510.290 is not an appealable order. We think the language, "order granting a new trial" as used in Section 512.020, means an order granting a new trial after there has been a final

judgment in a case, i. e., an order which sets aside a final judgment and grants a new trial. The provision in the last line of Section 510.290 that the trial court "may order a new trial" is surplusage. That is because, upon a mistrial for failure of the jury to agree on a verdict, a retrial would automatically follow except and unless the trial court entered judgment for one of the parties. That retrial, however, is not a new trial in the sense that the former trial had proceeded to a final judgment which the trial court had set aside. The trial court's order overruling the motion in the instant case did nothing more than restore the case to the docket for retrial. See: Carr, Missouri Civil Procedure, Vol. 1, § 812, p. 869.

Furthermore, it is apparent that if the order overruling defendant's motion had the effect of the trial court's ordering a new trial, then the trial court's exercise of its permissive power ("may direct" or "may order a new trial", § 510.290) must have been as the result of defendant's motion for judgment and thus at defendant's request. It follows that defendant was not a party "aggrieved" by the action of the trial court and thus could not appeal by virtue of Section 512.020. Bailey v. Airmotive, supra; Long Mercantile Co. v. Saffron, Mo.App., 104 S.W.2d 770, 772 [3, 4]. See also: Gore v. Hansen, Fla., 59 So.2d 538, 40 A.L.R.2d 1281, 1283; De Waele v. Metropolitan Life Ins. Co., 358 Pa. 574, 584, 58 A.2d 34, 39; Annotation, 40 A.L.R.2d 1284.

The appeal is dismissed.

VAN OSDOL and HOLMAN, CC., concur.

PER CURIAM.

The foregoing opinion by COIL, C., is adopted as the opinion of the court.

All concur.