ED. GALVIN, JR., APPELLANT, v. KANSAS CITY, MISSOURI, RESPONDENT. —122 S. W. (2d) 379.

Kansas City Court of Appeals. December 5, 1938.

532

*John F. Cell* for appellant.

*Fred Bellemere,* City Counselor, *Marcy K. Brown, Jr.,* and *Arthur R. Wolfe,* Ass't City Counselors, for respondent.

534

SPERRY, C.—Plaintiff, Ed Galvin, Jr., a former employee of defendant, Kansas City, Missouri, a municipal corporation, sued the latter for back salary alleged to be due and unlawfully withheld. The petition was filed January 14, 1936, and answer was timely filed. Plaintiff filed motion for judgment on the pleadings. Thereafter, defendant by leave of court, withdrew its answer, amended same by interlineation and refiled it. The abstract filed herein shows the following record judgment:

"Now on this day comes defendant and by leave of court with-

draws its answer herein and is given leave to amend the same by interlineation, and after said amendment by interlineation having been made, defendant refiles its answer herein. Thereafter plaintiff refiles his motion for judgment on the pleadings. Said motion for judgment on the pleadings filed by plaintiff was duly taken up by the court and the court being duly advised thereupon was by the court overruled, whereupon the plaintiff refused to plead further. Whereupon, it is ordered, adjudged and decreed by the court that plaintiff's petition be and the same is hereby dismissed and that defendant have and recover of and from plaintiff all costs herein and have execution therefor."

According to the transcript furnished by the clerk of the court the following is omitted from the above purported record, to-wit:

"Whereupon Plaintiff elects to stand on his motion for judgment on the pleadings and refused to plead further."

Where there is a conflict as between the abstract of the record and the transcript, as here, the latter will control. [McDonnell v. G. B. Peck Dry Goods Company, 228 S. W. 759, 760.]

From the above statement and record it appears that the sole question for our determination is whether or not the trial court committed error in dismissing plaintiff's petition. Since no evidence was heard nor any agreed statement of facts submitted that is the only question that can be before us. The trial court could not, and did not, rule on the facts, for none were before it.

A motion for judgment on the pleadings is, in some respects, like a demurrer; but, in other respects, it differs essentially from a demurrer. The Supreme Court, in Sternberg v. Levy, 159 Mo. 617, l. c. 629, said:

"A motion for judgment on the pleadings is not a demurrer. It partakes of some of the qualities of a demurrer but it is not a demurrer, and hence it is not a part of the record. It is a matter of exception and can only be made a part of the record by a bill of exceptions.

"It partakes of the nature of a demurrer, in that, it admits all facts that are well pleaded, and if it is overruled the order overruling it is not a final judgment from which an appeal will lie, but the party may plead over or proceed to trial on the issues joined. On the contrary, if it is sustained, judgment goes at once, whereas if a demurrer is sustained the order is not a final judgment, the party has right to plead over, and it is only in case of refusal to plead over that final judgment can be rendered on demurrer."

The above excerpt is quoted with approval by Judge GRAVES in Leahy v. Mercantile Trust Company, 296 Mo. 561, l. c. 564, where many other cases are also cited.

Therefore, it appears that, when the court overruled plaintiff's motion for judgment on the pleadings, plaintiff had a choice as be-

tween two courses of action, to-wit: (a), he could have pleaded further, or, (b), he could have gone to the trial. According to the record he did neither but *elected* to stand on the pleadings. This was equivalent to a refusal to go to trial on the issues which the court had ruled were made by the pleadings.

No further pleading was filed, no evidence was offered or heard, and no agreed statement of facts was submitted to the court. With the case standing in that condition there was nothing further that the court could do, other than what he did, namely, dismiss the petition and assess costs. [Benz v. Phillips Pipe Line Company, 47 S. W. (2d) 170, l. c. 172; Hodges v. Brooks, 110 S. W. (2d) 1130, l. c. 1134.] The trial court may have been prompted to overrule the motion for judgment on the pleadings for either of two reasons, to-wit (a), because the allegations of fact contained in the answer, when considered as true, as they must be *for the purpose of the motion* (Cammon v. Edwards, 100 S. W. (2d) 846), stated a complete legal defense; or, (b), that all facts necessary to the determination of the issues in the cases were not admitted in the answer. If the latter be true, then no final disposition of the case can be made until such controverted or omitted facts are supplied by evidence. Assuming plaintiff's petition to state facts sufficient to constitute a cause of action, such facts do not prove themselves by the mere filing of the petition; and defendant's answer may, or may not, admit *all* of such facts. If, upon examination, we should determine that there are issues of fact made by the pleadings we would be required to remand the case for trial on such issues; and, perhaps, we would be called upon, later to rule another appeal. We have heretofore said that we will not pass on a case piecemeal. The judgment of the trial court should be affirmed. *Campbell, C.,* concurs.

PER CURIAM:—The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. The judgment is affirmed. *Shain, P. J.,* and *Bland, J.,* concur; *Kemp, J.,* not sitting.