ALICE F. KELLER, Appellant, v. PAUL A. KELLER.—No. 38751.—179 S. W. (2d) 728.

Division Two, April 3, 1944.

Rehearing and Motion to Transfer to Banc Denied, May 2, 1944.

*Joseph D. Feigenbaum* for appellant.

878

*Barak T. Mattingly, Floyd Aker* and *Douglas H. Jones* for respondent.

WESTHUES, C.—Appellant, by her petition, asked to have a decree of divorce set aside which was procured by her husband, the respondent, in the state of Nevada. Appellant in the second count of her petition asked for separate maintenance. The respondent filed a demurrer to the petition alleging that the allegations thereof disclosed the circuit court not to have jurisdiction to entertain the suit

for the reason that full faith and credit must be given the judgment of the Nevada court. Art. IV, sec. 1, of the U. S. Constitution was relied upon. The trial court sustained the demurrer, dismissed appellant's petition and assessed the costs against appellant. An appeal was taken to this court from the judgment entered.

█ The respondent filed a motion in this court to dismiss the appeal because no final judgment had been entered. The particular point of respondent is, that when the demurrer was sustained appellant did not refuse to plead further and therefore no final judgment could be entered. The order of the court sustaining the demurrer reads as follows:

"The Court having heard and duly considered the defendant's demurrer heretofore filed and taken as submitted, and being sufficiently advised of and concerning the premises, doth order that said demurrer be and the same is hereby sustained, and doth further order that this cause be and the same is hereby dismissed at the costs of the plaintiff, for which let execution issue."

█ It will be noted that by the order the petition was dismissed and execution for costs was authorized. That, under our cases, constitutes a final judgment. It terminated that lawsuit. Plaintiff could not have filed an amended petition unless the court first set aside the judgment of dismissal. Appellant appealed from the judgment and not from the order sustaining the demurrer. See 4 C. J. S. 184, sec. 94; page 204, sec. 108 and page 236, sec. 121. This court, division one, in a recent case ruled the point against respondent's contention. See Fenton v. Thompson, 352 Mo. 199, 176 S. W. (2d) 456, 1. c. 459 (2, 3). The cases cited by respondent do not rule the question before us. The cases relied on are: "Leahy v. Mercantile Trust Co., 296 Mo. 561, 247 S. W. 396; Sternberg v. Levy, 159 Mo. 617, 1. c. 629, 70 S. W. 1114" (should be 60 S. W. 1114) "Concrete Engineering Co. v. Plaza Royal Amusement Co. (Mo.), 24 S. W. (2d) 1031; Galvin v. Kansas City, 233 Mo. App. 531, 122 S. W. (2d) 379." If the court had sustained the demurrer and not entered a judgment of dismissal the respondent would be correct in his contention as is pointed out in the cases he cited. But the court in this case did order the petition dismissed and assessed the costs. The mere fact that the record does not disclose whether plaintiff refused to plead further does not affect the finality of the judgment. Flanagan v. Hutchinson, 47 Mo. 237. The motion to dismiss is overruled.

█ Now to the question as to whether the petition stated a cause of action. Or it may be more accurate to say, did the petition state facts which would preclude a Missouri court from entertaining jurisdiction to grant appellant the relief prayed for? Since practically all of the facts pleaded are pertinent to the question presented we think it best to set forth the first count of the petition. The second

count, that for maintenance, must stand or fall with the first. Keena v. Keena (Mo. App.), 10 S. W. (2d) 344, 1. c. 347 (10). The first count of the petition reads as follows:

"Now comes plaintiff, Alice F. Keller, and states that on or about the 5th day of June, 1920, in the County of St. Charles, State of Missouri, she was lawfully married to the defendant, Paul A. Keller, and that plaintiff has, at all times since such marriage, faithfully demeaned herself and discharged all her duties as the wife of the defendant.

"Plaintiff further states that, on the 23rd day of June, 1942, defendant instituted suit against the plaintiff to be divorced from the bonds of matrimony between him and plaintiff, in the First Judicial District Court of the State of Nevada in and for the County of Ormsby, said cause being Cause No. 10,872 in said court, and styled Paul A. Keller, plaintiff, v. Alice F. Keller, defendant.

"Plaintiff further states that thereafter, on or about the 20th day of August, 1942, the aforesaid cause was heard by the above-mentioned court, and the above-named Paul A. Keller, the plaintiff in said cause, testified at such hearing in his own behalf, and the above-named Alice F. Keller, the defendant in said cause, testified at such hearing in opposition to the aforesaid suit for divorce; and thereafter, on or about the 2nd day of September, 1942, the aforesaid Court entered its decree divorcing the aforesaid Paul A. Keller, defendant herein, from the bonds of matrimony between him and Alice F. Keller, plaintiff herein.

"Plaintiff further states that both plaintiff and defendant are at all times since their aforesaid marriage on June 5, 1920, have been residents of the State of Missouri, and that neither the plaintiff nor the defendant ever has been, at any time since such marriage, a resident of the State of Nevada.

"Plaintiff further states that the Nevada Compiled Laws of 1929, Section 9460, as amended May 1, 1931, which was in full force and effect as the law of the State of Nevada on the date when defendant filed his above-mentioned suit for divorce and from said date to and including the day when the Court rendered the aforementioned decree of divorce, provided:

" 'Unless the cause of action shall have accrued within the County while plaintiff and defendant were actually domiciled therein, no court shall have jurisdiction to grant a divorce unless either the plaintiff or defendant shall have been resident of the State for a period of not less than six weeks preceding the commencement of the action.'

"Plaintiff further states that the laws of the State of Nevada in force on the date when the aforesaid suit for divorce was instituted and from that time until and including ▆▆▆ the date of the rendition of the above-mentioned decree, was decided and declared by the Supreme Court of the State of Nevada, in its opinion in the cause of

Emily Hartley Walker, respondent, v. Orlando F. Walker, appellant, Case No. 2482, reported in the Official Reports of Cases Determined by the Supreme Court of the State of Nevada, Volume 45, pages 105-110, at page 108, to be as follows:

" 'Residence in this state for the statutory period . . . . solely for the purpose of obtaining a divorce is not sufficient to give jurisdiction, but a bona-fide residence with the intention of remaining must appear. Where residence is made the basis of jurisdiction, parties who invoke the power of the court to relieve them from the marriage tie must bring themselves clearly and affirmatively within the jurisdiction of the court.'

"Plaintiff further states that, in the complaint which defendant filed on June 23, 1942, in his aforesaid suit for divorce, he did not allege that any cause of action accrued while the plaintiff and defendant therein were domiciled in the county wherein the complaint was filed, but alleged only two causes of action, the one that the parties had lived apart for more than three consecutive years, and the other that the defendant therein had treated the plaintiff therein cruelly, and neither of said causes of action was alleged, in said complaint, to have accrued in the State of Nevada.

"Plaintiff further states that defendant herein never has been a resident of the State of Nevada, but that he went to the State of Nevada solely for the purpose of obtaining the aforesaid divorce decree, and that, shortly after the trial of the said suit for divorce, the said defendant herein returned from the State of Nevada to the City of St. Louis, and State of Missouri, which was his actual place of residence at such time and at all times prior thereto since the aforementioned marriage of plaintiff and defendant, and defendant has, at all times since his aforementioned marriage to plaintiff, intended to make the State of Missouri his sole home and domicile, and the State of Missouri has been his sole home and domicile.

"Plaintiff further states that defendant fraudulently induced the aforementioned Nevada court to assume jurisdiction of the aforesaid divorce suit and to render the above-mentioned decree of divorce by his falsely alleging in his aforementioned complaint filed in said cause that, at the time of filing said complaint and for more than six weeks immediately prior thereto, he was a bona fide resident of the State of Nevada, and that during said period of more than six (6) weeks he had his permanent domicile in said State of Nevada, and by testifying, on the 20th day of August, 1942, at the trial of said cause, that he had come to Nevada and remained there more than six (6) weeks prior to the time of filing his complaint, and that his intention at and ever since the time of so coming there was to make Nevada his permanent home for an indefinite time, while the truth, known to the said defendant herein, both at the time of signing and filing the aforesaid complaint and of testifying in the trial of the aforesaid

divorce suit, was that he had never left the State of Missouri with the intention of making his permanent domicile in the State of Nevada and never intended to make his permanent domicile in the State of Nevada, but went there only for the purpose of securing a divorce there from the plaintiff herein and remained there only with such intention and he intended to return to the State of Missouri shortly after the trial of the said divorce suit, and during all of the time after the day plaintiff and defendant were married, on June 5, 1920, the defendant herein intended to make the State of Missouri his permanent domicile and was a resident of the State of Missouri.

"Plaintiff further states that, by reason of the facts herein above stated, the above-mentioned Court which rendered the aforementioned decree of divorce lacked jurisdiction of the subject matter of said cause and lacked jurisdiction to render the aforesaid decree of divorce.

"Wherefore, plaintiff prays that the aforesaid decree of divorce by the First Judicial District Court of the State of Nevada in and for the County of Ormsby be vacated and set aside, and that plaintiff be restored to all the marital rights which existed between her and the defendant herein before the aforesaid decree of divorce was entered."

Appellant relies on a recent case decided by this court en banc, namely Wright v. Wright, 350 Mo. 325, 165 S. W. (2d) 870. Prior decisions on the question were there reviewed which saves us much labor at this time. Appellant asserts that the Wright case holds that Missouri courts may set aside a decree of divorce entered in another state if there was a fraud in its procurement. The fraud involved in the case now before us pertains to the question of domicile or residence. The facts as pleaded in appellant's petition can be distinguished and are entirely different from the facts in the Wright case. In the Wright case the wife had obtained a judgment for separate maintenance in Missouri. Thereafter the husband sneaked away to the state of Nevada and obtained a divorce decree. We say "sneaked" advisedly because the record fully justifies the assertion. The husband secured a leave of absence from his work, went to the state of Nevada, obtained a divorce, then returned to his work in Missouri. Shortly thereafter he filed a motion in the Missouri court, which had rendered the judgment of maintenance, and asked that the judgment be no longer enforced because he had secured a divorce. Such conduct constituted a fraud on both the court of Nevada and the Missouri court. The opinion in the Wright case so holds and rightly so. See 165 S. W. (2d) 870, l. c. 876 (11). The court en banc held that such a fraud justified the Missouri court in ignoring the foreign judgment.

In the case before us appellant asserted in her petition that respondent established a residence in the state of Nevada for the sole

purpose of securing a divorce and never intended to change his Missouri residence. In the Wright case, 165 S. W. (2d) 870, 1. c. 875 (8, 9), the court quoted the following with approval from C. J. S. as the general rule:

" 'It is a well established proposition that, where one spouse goes to a state or country other than that of the matrimonial domicile for the sole purpose of obtaining a divorce and there obtains a divorce under a residence simulated for that purpose and not bona fide or in good faith or with any intention of residing there permanently or indefinitely, the judgment is not binding on the courts of other states or nations or the District of Columbia.' 27 C. J. S., page 1291, Divorce, sec. 332, sub-sec. (b). See also Annotations in 39 A. L. R., page 677, and 105 A. L. R. 817.''

Appellant in her petition pleaded the law of Nevada and it will be noticed that it is in conformity with the rule above stated, that is, the Nevada courts hold that they do not have jurisdiction to grant divorce decrees in cases where the parties seeking it established a residence solely for the purpose of obtaining a divorce. The law of Nevada further is, as stated in plaintiff's petition, that where residence is made the basis of jurisdiction parties who invoke the power of the court must bring themselves clearly and affirmatively within the judisdiction of the court. With that in mind let us examine other allegations of appellant's petition. It will be noted that she alleged she testified in the trial of the case in the Nevada court. It is, therefore, apparent that appellant had her day in the Nevada court on the question of whether her husband was a bona fide resident of that state. In other words the Nevada court decided the question against appellant either rightly or wrongly, but whether rightly or wrongly the question was decided. It was a question of fact and appellant stated she testified in the case. Therefore, if this case were to be heard on plaintiff's petition the issue to be tried would be one which the Nevada court decided on conflicting evidence. To retry that issue would amount to ignoring the U. S. Const., Art. IV, sec. 1. The question sought to be placed in issue by appellant's petition must be regarded as res judicata. The United States Supreme Court expressly so held in the case of Davis v. Davis, 305 U. S. 32, 118 A. L. R. 1518, 59 Sup Ct. 3. We must, therefore, hold that under the facts as pleaded by appellant we are bound to give full faith and credit to the judgment entered by the Nevada court, and that the trial court correctly sustained the demurrer to appellant's petition.

The judgment is affirmed. *Bohling, C.,* concurs; *Barrett, C.,* absent.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.