No. 36,078

J. R. Leigh, *Appellee*, v. Marietta Leigh, *Appellant*.

(147 P. 2d 701)

Opinion filed April 8, 1944.

C. I. *Winsor*, of Wichita, argued the cause, and *Henry Lampl, E. G. Coombs, Harlin E. Bond* and *Rupert Teall*, all of Wichita, were on the briefs for the appellant.

*Joe T. Rogers*, of Wichita, argued the cause for the appellee.

The opinion of the court was delivered by

Dawson, C. J.: This appeal presents a question of pleading and suggests a related question of procedure.

Plaintiff brought suit against defendant for a divorce. To qualify himself to maintain the action and to invoke the court's jurisdiction he alleged:

"That he is a resident of Sedgwick county, Kansas and that Wichita is his post office address; that he has been a resident of the state of Kansas for more than one year prior to the filing of the petition and at the time of the filing of the petition is a bona fide resident of Sedgwick county, Kansas; that the defendant, Marietta Leigh is a resident of Sedgwick county, Kansas and Wichita is her post office address;"

With the particular grounds on which the action was predicated we have no present concern.

Defendant demurred to plaintiff's petition on the ground that it showed on its face that the court had no jurisdiction of the defendant nor of the subject matter.

The trial court first overruled this demurrer, but with consent of counsel that ruling was set aside, and plaintiff was given leave to amend the above quoted paragraph of his petition by interlining therein the words "an actual in good faith resident,"—for whatever additional potency those words might have, in respect to his original allegation that he had been a resident of the state of Kansas "for more than one year prior to the filing of the petition," etc. Upon

this agreement of court and counsel, defendant's demurrer to the original petition was sustained; plaintiff was given leave to amend accordingly, which was done instanter; and defendant was given fifteen days to plead.

At that stage of the proceedings defendant brought this appeal, specifying errors, viz.:

"1. The trial court erred in granting leave to the plaintiff to amend his petition by inserting the words 'an actual resident in good faith.'

"2. The trial court erred in not dismissing said case."

In this specification of error we discern no question for appellate review. Certainly a ruling on a motion to amend a pleading, whether favorable or unfavorable, presents no question for appeal, at least until after the action has proceeded to judgment. (*Bank v. Badders*, 96 Kan. 533, 152 Pac. 651; *Eureka B. & L. Ass'n v. Greenwood Hotel Corp.*, 152 Kan. 175, 183, 103 P. 2d 46. And see Civil Code, § 138, G. S. 1935, 60-757.)

On the error specified on the trial court's failure to dismiss the action, no such motion to dismiss was filed; and ordinarily a trial court is under no duty to dismiss on its own motion.

What the appellant is really driving at in this appeal is shown in her brief, wherein she quotes the statute, G. S. 1935, 60-1502, which among other matters prescribes that the plaintiff in an action for divorce must plead (and prove) that he has been an actual resident in good faith of the state, for one year *next preceding* the filing of his petition. Defendant now argues that the few words plaintiff interlined in his petition as stated above did not cure the defect at which defendant's demurrer had been directed. The record does not show that this point was ever clearly presented to the trial court (*Livingston v. Lewis*, 109 Kan. 298, syl. ¶ 3, 198 Pac. 952), nor that any final order was made thereon which would present a question for appellate review.

The appeal is dismissed.