37 So.2d 921

## MUSSEY v. MUSSEY.

### 7 Div. 943.

Supreme Court of Alabama.

Dec. 16, 1948.

Ellis & Fowler, of Columbiana, and Dan P. Barber, of Birmingham, for appellant.

Dent Williams, of Birmingham, and Karl C. Harrison, of Columbiana, for appellee.

440

LIVINGSTON, Justice.

Suit by appellant husband to annul the marriage of the parties entered into in Las Vegas, Nevada, on February 2, 1946. Suit was filed in the Circuit Court, in Equity, of Shelby County, Alabama, where the parties had lived together as husband and wife for nearly fifteen months when the complaint was filed on April 15, 1947.

This action was grounded on the allegation that the wife had a living husband at the time she reputedly married appellant. In support of the allegation, appellant attempted to show the invalidity of a Reno divorce granted the wife from her first husband, Charles S. Eaton, on January 30, 1946.

The trial court heard the testimony ore tenus and dismissed complainant's bill. This appeal is from that decree.

There are two reasons, either of which must necessarily result in an affirmance of the ruling of the court below. In the first place, the Nevada decree dissolving the bonds of matrimony between Charles S. Eaton and Margaret Eaton is res adjudicata between the parties, and under the full faith and credit clause of the Federal Constitution, Article 4, section 1, must be respected in this State. Ex parte Jones, 249 Ala. 386, 31 So.2d 314; Davis v. Davis, 305 U.S. 32, 41, 59 S.Ct. 3, 83 L.Ed. 26, 30, 118 A.L.R. 1518; Keller v. Keller, 352 Mo. 877, 179 S.W.2d 728; Pratt v. Midema, 311 Mich. 64, 18 N.W.2d 279; Finan v. Finan, Sup., 47 N.Y.S.2d 429; Glaser v. Glaser, 276 N.Y. 296, 12 N.E.2d 305; Standish v. Standish, 179 Misc. 564, 40 N.Y.S.2d 538; Stone v. Stone, Dom.Rel.Ct., 44 N.Y.S.2d 558. The record shows that in that cause Eaton entered a general appearance, his attorney cross-examined Mrs. Eaton's witness, the matter of the custody, support and maintenance and education of the minor son of the parties was agreed upon, ratified, confirmed and made a part of the divorce decree, as was a property settlement between the parties. The Nevada court by its decree determined that it had jurisdiction of the subject matter of the suit and of the parties.

In the second place, complainant is estopped to deny the validity of the Nevada decree, even though it was fraudulently obtained. As stated, the testimony in this cause was taken ore tenus. We will not attempt to here set it out in detail, suffice it to say it is ample to support a finding that complainant was the principal movant in the divorce proceeding in Nevada. Whatever may be the rule in other jurisdictions, this Court is committed to the proposition that one in privity with a person who by fraudulent conduct procures a divorce decree is estopped to question its validity. Fairclough v. St. Amand, 217 Ala. 19, 114 So. 472: see, also, annotations 120 A.L.R. page 815; 122 A.L.R. page 1331; 140 A.L.R. page 914; 109 A.L.R. page 1018; 153 A.L.R. page 941.

Affirmed.

BROWN, SIMPSON and STAKELY, JJ., concur.