59 So.2d 538 (1952)
GORE
v.
HANSEN.
Supreme Court of Florida, Division B.
June 13, 1952.
George H. Gore, Saunders, Buckley & O'Connell, Fort Lauderdale, and McCune, Hiaasen & Kelley, Fort Lauderdale, for appellant.
Warren O. Windle, Fleming, O'Bryan & Fleming and J.B. Patterson, Fort Lauderdale, for appellee.
ROBERTS, Justice.
We here consider a motion to dismiss an appeal taken from an order entered in proceedings instituted in the court below by the appellee, and the sole issue here is whether such order is a "final judgment" within the meaning of Section 59.02(1), Florida Statutes, F.S.A.
During the trial of the cause, the appellant filed various motions, including a motion for judgment on the pleadings, a motion for summary judgment, and a motion for leave to file an amended answer. He also filed a motion for directed verdict at the close of plaintiff-appellee's case and again at the close of all the evidence, both of which motions were denied. The case was sent to the jury, resulting in a mistrial, and the jury was discharged.
Thereupon, and within four days after the jury had been discharged, the appellant filed a motion for the entry of judgment in accordance with his motion for a directed *539 verdict made at the close of all the evidence, pursuant to the provisions of the Rule 40(b) of the new Florida Common Law Rules, 30 F.S.A. and for other relief, including a renewal of his motions for judgment on the pleadings, for summary judgment, and for leave to file an amended answer. The court, after a hearing, entered an order denying these several motions, which is the order from which this appeal has been taken.
Under Section 59.02(1), Florida Statutes, F.S.A., appeals in cases at law lie only from final judgments, except as specified in the three succeeding sections of the statute. "A judgment is final when it adjudicates the merits of the cause and disposes of the pending action, leaving nothing further to be done but the execution of the judgment." Howard v. Ziegler, Fla., 40 So.2d 776, 777; Hoskins v. Jackson Grain Company, Fla. 1952, 59 So.2d 24.
We will not discuss at length that portion of the order denying appellant's motions for judgment on the pleadings, for summary judgment, and for leave to file an amended answer, as an order on such motions is unquestionably interlocutory and not subject to appeal under Section 59.02 (1), supra. See Atlantic Co. v. Citizens Ice & Cold Storage Co., 5 Cir., 178 F.2d 453, as to an order denying a motion for summary judgment; Galvin v. Kansas City, 233 Mo. App. 531, 122 S.W.2d 379, as to an order denying a motion for judgment on the pleadings; Leigh v. Leigh, 158 Kan. 394, 147 P.2d 701, as to an order on a motion to amend a pleading.
As to the order denying appellant's motion for entry of judgment in accordance with his motion for a directed verdict, Rule 40 of the Florida Common Law Rules neither purports nor undertakes to define or change the scope of the appellate jurisdiction of this court, and the appealability of an order entered pursuant thereto must still be tested by the rule of this court in Howard v. Ziegler, supra, and similar cases. Clearly, then, an order denying a motion for directed verdict after the case has gone to the jury, resulting in a mistrial, has not "disposed of the pending action, leaving nothing further to be done but the execution of the judgment," and is thus not appealable as a "final" judgment. The Federal courts in construing Rule 50 of the Federal Rules of Civil Procedure, 28 U.S.C.A. from which our Rule 40 was adopted and with which it is almost identical, have without exception reached a similar conclusion. See Borg-Warner Corporation v. Whitney, 6 Cir., 121 F.2d 444; Stewart v. Roberts, 80 U.S.App.D.C. 405, 154 F.2d 697; Dostal v. Baltimore & Ohio R. Co., 3 Cir., 170 F.2d 116.
Thus, in Stewart v. Roberts, supra, under circumstances similar to those in the instant case, the court said: "Our right to review orders, judgments and decrees of the District Court is confined to those which are final, and those which are final are those judgments, decrees or orders which expressly or by necessary implication determine the rights and liabilities of all parties with reference to the matters in controversy and leave nothing of a judicial character to be done. In short, the litigation must have ended. Here the order below did no more than restore the case to the docket for retrial. It neither disposed of the controversy nor terminated the litigation. The appeal is therefore premature and must be dismissed for lack of jurisdiction."
One other point should be noted. Rule 40(c) of our Rules provides that "* * * If no verdict was returned the court may direct the entry of judgment as if the requested verdict had been directed or may order a new trial." (Emphasis supplied.) The order in the instant case did not, of course, "direct the entry of judgment", since the motion therefor was denied, nor did the court expressly order a new trial. Its order may, however, be considered as the equivalent of such an order, and the following question then arises: Is an "order" of a new trial pursuant to the above-quoted provision of Rule 40(c) appealable under the provisions of Section 59.04, Florida Statutes, F.S.A.?
Section 59.04 reads as follows: "Upon the entry of an order granting a new trial, the party aggrieved may, without *540 waiting for final judgment, prosecute an appeal to the proper appellate court, which, if the cause be reversed, may direct that final judgment be entered in the trial court for the party obtaining the verdict, * * *." (Emphasis supplied.) By its very terms, Section 59.04 has no application in those cases where a new trial is ordered pursuant to the above-quoted provisions of Rule 40(c). In such case, the party is not "aggrieved" by the order for a new trial, which follows as of course after a mistrial, but by the court's denial of his motion for entry of judgment in accordance with his motion for directed verdict. And, obviously, this court could not in such a situation "direct that final judgment be entered in the trial Court for the party obtaining the verdict," since no verdict has been entered.
A similar conclusion has been reached by the Pennsylvania Superior Court in DeWaele v. Metropolitan Life Ins. Co., 358 Pa. 574, 58 A.2d 34, 39, in which jurisdiction the right to appeal from an order granting a new trial is also recognized. The court said: "Where the jury disagrees, unless a judgment be entered upon the whole record, a new trial ensues without a grant thereof by the court. Manifestly, therefore, there is no place even for a review of judicial discretion where none has been exercised and where judicial action would have been vain and inefficient. It can make no material difference whether the court, in disposing of a motion for judgment upon the whole record, simply orders `motion dismissed', * * * or adds to such action an order for a new trial. In the given situation, the latter provision would be but surplusage. The retrial results from the jury's disagreement and, with the motion for judgment upon the whole record denied, the new trial follows in due course as a matter of law. * * * A court is ineffectual to grant what it lacks the power to withhold."
We hold, then, that an order denying a motion for entry of a judgment in accordance with a motion for directed verdict made and entered after a mistrial, is not appealable under the provisions of Section 59.04, even though such order expressly provides for a new trial.
For the reasons stated, it must be held that an appeal will not lie from the order with which we are here concerned; nor are the circumstances here such as to warrant this court in exercising its extraordinary power to grant the common-law writ of certiorari, as was done in Kilgore v. Bird, 149 Fla. 570, 6 So.2d 541, and as here contended for by appellant.
Accordingly, the motion to dismiss should be and it is hereby
Granted.
SEBRING, C.J., and CHAPMAN and MATHEWS, JJ., concur.