88 So.2d 560

Percy G. WOOD

v.

E. S. MILLER et al.

2 Div. 366.

Supreme Court of Alabama.

June 14, 1956.

Graham Kirkpatrick, Selma, for appellant.

Pettus, Fuller, Reeves & Stewart and Theodore L. Wade, Selma, for appellees.

SIMPSON, Justice.

On November 8, 1955, the appellant filed in the Circuit Court of Dallas County, Equity Side, a motion to strike, set aside or vacate a jury's verdict rendered on an issue out of chancery under date of January

28, 1955, and the final decree entered thereon by such Circuit Court as being null and void. The grounds assigned therefor are in substance that said verdict and decree are not supported by the evidence, and the verdict and decree entered thereon are contrary to the law. From the overruling of the aforementioned motion to set aside the verdict and judgment, this appeal followed.

The appellee has filed a motion to dismiss the appeal. The grounds assigned are that appellant, on the trial of the cause, failed to make a motion in the equity court to set aside the verdict of the jury prior to the entering of the final decree thereon; the alleged errors occurred in the jury trial, and this being an "issue out of chancery" there is nothing presented for review by this court. Appellee also contends that the motion to set aside the verdict and the decree does not present any matter showing that the decree is void.

On the former appeal of this case that followed the final decree, which decree appellant now seeks to have set aside, it was held that on an "issue out of chancery" where a jury trial is a matter of right in order to review the findings of the jury culminating in the verdict, a motion to set aside the verdict must be made before a final decree is entered on said verdict. Wood v. Miller, 263 Ala. 499, 83 So.2d 206. This decision was consonant with previous decisions of this court. Brintle v. Wood, 223 Ala. 472, 136 So. 803; Woods v. Allison Lumber Co., 261 Ala. 286, 74 So.2d 486; Owens v. Washington, 260 Ala. 198, 69 So. 2d 694. Such motion was not made before the final decree in the case at bar and the former appeal was, therefore, on motion of the appellee, properly dismissed.

 Appellant contends, however, that the verdict, wholly contrary to the evidence, is void, hence such verdict and decree entered thereon may be assailed at any time. Appellant does not question the jurisdiction of the trial court over the subject matter or the person on the trial thereof and his contention is wholly without merit. The universal rule is that:
"* * * the judgment of a court having jurisdiction is not rendered void

* * * because it is wrong in law, being based upon an erroneous application of legal principles or upon insufficient evidence. * * *" 1 Black on Judgments, 394, § 261.
See also 34 C.J. Judgments, § 504, p. 291; 49 C.J.S., Judgments, § 275; 1 Freeman on Judgments, §§ 226, 357, 360.

It follows, therefore, that the insufficiency of the evidence to support the verdict does not render the verdict or the decree entered thereon void. Indeed, in the absence of a timely ruling by the trial court on the sufficiency of the evidence, the jury's verdict and the judgment thereon will be upheld notwithstanding the fact that the evidence is insufficient—and this even on a direct attack on such judgment. Henson v. State, 25 Ala.App. 118, 141 So. 718. See generally Constantine v. Constantine, 261 Ala. 40, 72 So.2d 831; Fife v. Pioneer Lumber Co., 237 Ala. 92, 185 So. 759; Cobbs v. Norville, 227 Ala. 621, 151 So. 576.

The appellee's motion to dismiss should be granted. So ordered.

Motion to dismiss appeal granted.

LIVINGSTON, C. J., and GOODWYN and SPANN, JJ., concur.