133 So.2d 18

Jane Coffey AIELLO

v.

John J. AIELLO.

6 Div. 371.

Supreme Court of Alabama.
Sept. 14, 1961.

McGowen & McGowen and Geo. I. Case, Jr., Birmingham, for appellant.

O. J. Goodwyn, Chas. A. Ball, Files Crenshaw, J. H. Berman, R. Luther Ingalls, John Huddleston, F. J. Mizell, Jr., Vincent S. Lamb, John W. Pemberton, Wm. E. Garner, Wm. B. Moore, Jr., and Frank H. Hawthorne, Montgomery, amici curiae in support of appeal.

Ben F. Ray, Birmingham, and Francis F. Welsh, Montclair, N. J., for appellee.

COLEMAN, Justice.

This is an appeal by respondent from a decree overruling her demurrer to a bill in equity. Complainant characterizes the bill as "his Petition for Declaratory Judg-

ment and Annulment of Final Decree of Divorce." The bill was filed May 15, 1958. It seeks to nullify a divorce decree rendered in the same court some 9 years and 9 months earlier on August 2, 1948, and further, to nullify the purported marriage of complainant to respondent in 1950.

The bill alleges that the 1948 decree was rendered in a suit instituted by Jane Coffey Kip, the instant respondent, against her then husband, Rollin W. Kip; that said Jane never resided in the State of Alabama; that she concocted a fraudulent scheme and came to Alabama for the sole purpose of procuring a "quickie divorce," and as a part of that scheme employed counsel to whom she falsely stated that she lived in Birmingham, well knowing that such statement was false; and that fraud was perpetrated on the court by the sworn testimony of the said Jane as follows:

" 'I am over twenty-one years of age and I reside in Birmingham, Jefferson County, Alabama.',

"which statement was knowingly and corruptly false."

The bill further avers that said respondent, Jane, thereafter, on January 13, 1950, married complainant, in the State of New Jersey, where they lived together until September 4, 1957, when they separated. Complainant alleges that he had no knowledge of said fraud at the time of his marriage to respondent in 1950, and had no part in the perpetration of said fraud.

The bill prays that the court annul the decree of August 2, 1948, and declare that the alleged marriage of complainant and respondent is null and void, and for general relief.

Respondent insists on the grounds of demurrer which raise the point that the bill shows that complainant was not a party to the prior suit and is without standing to attack the 1948 decree; and further, that even if complainant had such standing, the bill shows that it is filed too late.

Complainant argues that the decree of 1948 is void on its face for that "the only proof offered the court below as to residence or domicile were the two short statements contained in the petition and in the testimony before the Commissioner." The two statements appearing in the 1948 proceeding as to residence of the said Jane Coffey Kip are as follows:

In the 1948 bill: "The Complainant is over the age of 21 years and is a bona fide resident of Birmingham, Alabama, Jefferson County."

In her 1948 testimony: "I am over twenty-one years of age and I reside in Birmingham, Jefferson County, Alabama."

Complainant argues also that the instant bill does not show on its face that it is filed too late.

## One.

We consider first complainant's argument that the 1948 decree is void on its face.

■■ If a judgment, on the face of its own record is absolutely void, it is a nullity, and the court, on motion of a stranger, may purge the records of the court of such void and impertinent matter. Hartigan v. Hartigan, Ala.Sup., 128 So.2d 725.[1] If, however, the decree is not void on its face, it cannot be vacated on motion of this complainant or any one else. The only authority of the trial court to set aside a final decree on motion made after thirty days is on the ground that the decree is void on the face of the record for want of jurisdiction of the subject matter or of a party. Vaughan v. Vaughan, 267 Ala. 117, 100 So.2d 1.

In Levy v. Levy, 256 Ala. 629, 56 So.2d 344; Volin v. Volin, ante, p. 85, 128 So.2d 490; and Lorillard v. Lorillard, ante, p. 380, 131 So.2d 707, this court recently decided,

[1]. Ante, p. 67.

on appeal, that testimony substantially identical with the 1948 testimony here was not sufficient to support the allegation of residence. The holding in those cases, however, is not that a decree, granting a divorce and resting on such evidence as to residence, is void. On the contrary, the decree in each case was affirmed or reversed on appeal for want of evidence. "An appeal will not lie to reverse a void decree. To hold that a decree should be affirmed or reversed is to hold that it is not void." Vaughan v. Vaughan, supra [267 Ala. 117, 100 So.2d 5]; Capps v. Norden, 261 Ala. 676, 681, 75 So.2d 915. So the decrees in Levy, Volin and Lorillard were not void, although the decrees were erroneous. If the insufficiency of the evidence did not render those decrees void, then the same insufficiency of evidence does not render the instant 1948 decree void on its face. We so hold.

■ This holding is not inconsistent with the decision in Hartigan v. Hartigan, supra. The Hartigan opinion states [ante, p. 72, 128 So.2d 729]: "But the 1954 decree in the instant case admittedly was not void on its face." The testimony which supported the 1954 decree in the Hartigan case, with respect to the residence of the parties, was as follows:

By the complainant:

"* * * I am a bona fide resident citizen of Birmingham, Jefferson County, Alabama, and have been for more than a year next preceding the filing of this bill of complaint. The respondent is also over the age of twenty-one and is a resident citizen of this county and state. I live at 247–Kent Drive, Birmingham, Alabama. * * *";

and by one Hazel Daniels:

"* * * I know both the parties to this cause and that they are each over twenty-one years of age and are resident citizens of Birmingham, Jefferson County, Alabama, and have been such

residence (sic: residents) for more than one year next preceding the filing of this bill of complaint. She lives at 247 Kent Drive, Birmingham, Alabama, and he is in the Western part of the city. I do not know his exact address. * * *."

The Hartigan testimony is not more efficacious to prove residence than is the instant testimony. It is no more than a "bald assertion" that the parties are residents of Birmingham, Jefferson County, Alabama. The statement that complainant lives at a specified street address is merely a bald assertion that she lives there. A statement that a party lives at a certain address does not prove that the party is a resident of Alabama with any greater certainty than does a statement that the party lives in Alabama or is a resident of Alabama. Both statements are conclusions. The instant testimony as to residence is also a conclusion, but is just as effective to prove residence as was the Hartigan testimony. So if the Hartigan decree was not made void on its face by lack of proof of residence, then the 1948 decree in the instant case was not made void on its face by lack of proof of residence. It is firmly established by our decisions that residence in our divorce statutes means domicile. Gee v. Gee, 252 Ala. 103, 39 So.2d 406.

There is this difference between the Hartigan case and the instant case. In Hartigan both parties to the prior decree were present in court, and, without objection by either party, facts were established to show the fraud practiced on the court and that the court did not have jurisdiction when the prior decree was rendered. In the instant case, both parties to the prior decree are not in court, and the party who is in court is objecting. The Hartigan decree was shown to be void under the facts adduced in court, but the decree was not void on its face.

■ In response to appellee's argument, we have perhaps written at undue length in comparing the evidence here with

that in similar cases. This court has stated that the insufficiency of evidence to support a verdict does not render the verdict or the decree thereon void, and, in the absence of a timely ruling by the trial court on the sufficiency of the evidence, the jury's verdict and the judgment thereon will be upheld notwithstanding the fact that the evidence is insufficient, and this even on a direct attack on such judgment. Wood v. Miller, 264 Ala. 370, 88 So.2d 560. The insufficiency of evidence to support a final decree does not make the decree void on its face, and the 1948 decree divorcing Jane Coffey Kip from Rollin W. Kip is not void on its face as argued by complainant.

Two.

We come then to the question whether the instant complainant, John J. Aiello, who was not a party to the former suit, but who is the purported second husband of a former party, by a marriage which he says is void, has such status as entitles him to maintain the instant bill of complaint and thereby to invalidate the 1948 decree.

█ If the instant bill be regarded simply as an original bill in the nature of a bill of review, as appellee asserts it is, with the sole purpose of vacating the 1948 decree, it is subject to the objection that according to its averments it is filed too late. An original bill in the nature of a bill of review by analogy should be filed within the period limiting the filing of bills of review, three years; but the limitation prescribed by Equity Rule 66 is not arbitrarily applied to original bills in the nature of bills of review, and where special features or circumstances are shown excusing the delay, the three-year limitation is not always applied to such bills, that is, original bills in the nature of a bill of review. Johnson v. Duncan, 264 Ala. 650, 88 So.2d 789. The instant bill alleges that the decree of August 2, 1948, "was obtained through fraud perpetrated on the Court * * *." and that complainant, the second husband, on January 13, 1950, the date of his purported marriage to respondent, "* * * had no knowledge of said fraud * * * and that Petitioner had no part in the perpetration of said fraud." When or how complainant acquired knowledge of said fraud is not averred. The bill is subject to two constructions, that he learned of the fraud less than one year before filing the instant bill, or that he learned of the fraud more than one year before filing such bill. Pleadings must be construed most strongly against the pleader, and if the pleading is susceptible of two constructions, one of which would render it good and the other bad, the latter must be indulged because it is the one against the pleader. Puckett v. Puckett, 174 Ala. 315, 56 So. 585. Accordingly, we must indulge the construction that complainant here delayed more than one year after learning of the fraud before he commenced this suit. The suit was filed more than nine years after the divorce decree was rendered and no special circumstances are shown to excuse the delay.

█ The foregoing conclusion as to delay is reached on the assumption that complainant, as ostensible second husband of a party to the divorce suit, possesses standing to bring an original bill in the nature of a bill of review for the purpose of vacating such divorce decree. That is merely an assumption. He was not a party to the divorce suit. We do not think he possessed, at the time the divorce decree was rendered, any right which was adversely affected by that decree. It does not appear that he stands in privity with either party to the divorce suit. He cannot derive any right from the respondent, the woman he purportedly married in 1950, because, if the 1950 marriage is void as he says it is, then no right could pass to him by a void marriage; and, if the marriage be not void, then he is still the husband of respondent and cannot have their marriage annulled, as he seeks to have done by this suit. We do not decide that he can maintain the instant bill as an original bill in the nature of a bill of review for the sole purpose

of vacating the 1948 decree. We do decide that even if he could maintain such a bill for that sole purpose, the instant bill shows on its face that it was filed too late.

### Three.

The sole purpose of the instant bill, however, is not merely to vacate the 1948 decree. The instant bill does pray that the court will annul the divorce decree of 1948, but it also prays that the court will render a decree declaring that complainant's marriage to respondent is null and void. By whatever name the bill is called, it still seems to us that it is a bill to annul complainant's marriage to respondent. We cannot see where the Declaratory Judgment Act adds or takes away anything with respect to complainant's right to maintain such a bill. The only possible result in a suit on such a bill is a declaration that the parties are, or are not, husband and wife.

 The lower court has jurisdiction of the parties, complainant being a citizen of Alabama, and authority to annul the marriage, even though the ceremony was performed in another state. Hamlet v. Hamlet, 242 Ala. 70, 4 So.2d 901. If complainant is "a bona fide resident citizen of Jefferson County, Alabama," as he alleges, then the Circuit Court of Jefferson County, in equity, has jurisdiction to declare his purported marriage void, if the marriage is void and complainant has not lost the right to maintain the instant bill; and this is so although the purported marriage was celebrated in New Jersey.

This court has, however, refused to annul marriages where the basis of annulment was the claim that a decree divorcing one of the parties from a prior spouse was void, and the basis for holding the decree void was fraud as to residence of the parties perpetrated on the court which rendered the decree.

In Mussey v. Mussey, 251 Ala. 439, 37 So.2d 921, this court held that the husband was estopped to deny the validity of a Nevada decree, where he was the principal movant in the Nevada proceedings wherein his wife was divorced from her first husband.

The Mussey case cites Fairclough v. St. Amand, 217 Ala. 19, 114 So. 472, 474, where this court denied the right of the first husband to question the validity of a divorce granted to the wife in Alabama, in a suit brought at the instigation of the second husband and based on the fraudulent representation that the wife was domiciled in Alabama. The court said that the second husband, "* * * Fairclough, and not St. Amand * * *," the first husband, was the real actor and party in interest, and was estopped to challenge the validity of the divorce decree. This court said:

"* * * Under the circumstances before us, a delay of more than a year after the decree, before challenging it is sufficient to present the bar of laches when St. Almond [sic] knew the facts of the decree, the status of the parties, and his renewed friendship or business relations with Fairclough, and the changed relations of Dorothy and the birth of the child. (Citations Omitted.)" 217 Ala. at page 22, 114 So. at page 474.

We note that circumstances, such as the birth of a child and participation in the fraud by the second husband, were present in Fairclough v. St. Amand, and that those circumstances are not present here. The delay of one year, however, is present. The instant complainant, John J. Aiello, in essence, is asking to be relieved of the injury inflicted on him by fraud of the respondent in representing to him that she was to marry him in 1950. The alleged fraud on the court in 1948 did not even remotely affect complainant prior to 1950.

"Upon timely application, where one is injured by fraud of another, when the facts are concealed or do not come to the knowledge of the injured person

until some time afterwards, the statute of limitations, in a court of equity, will be held to run from the discovery of the fraud, or until, by reasonable diligence, the fraud would have been discovered, after which he must have one year within which to prosecute his suit. (Citations Omitted.) The limitation in actions seeking relief on the ground of fraud is one year within which to institute suit. Code 1907, § 4852; Code, 1923, § 8966; * * *." Meeks v. Miller, 214 Ala. 684, 687, 108 So. 864, 867; § 42, Title 7, Code 1940.

In Dorsey v. Dorsey, 259 Ala. 220, 66 So.2d 135, this court held that a bill to annul a marriage, on the ground that the respondent had a living husband by a prior undissolved marriage, was timely filed within one year after the complainant discovered that respondent had not been divorced from her first husband.

■ If the instant complainant can amend his bill to show that he has been diligent in bringing this suit within one year after his discovery of the alleged fraud and that he was reasonably diligent in making such discovery, then the bill will not be subject to the ground of demurrer charging him with delay.

"It appearing on the face of the bill that it was filed more than three years after the date of the decree sought to be vacated, it was incumbent upon the complainant to allege facts to excuse the long delay in filing the present bill. * * * Such a bill as this must allege with precision and accuracy not only when but how complainant came into a knowledge of the various facts alleged as constituting the right sought to be enforced. (Citations Omitted.)" Urquhart v. McDonald, 252 Ala. 505, 506, 42 So.2d 9, 10.

See also: Quick v. McDonald, 214 Ala. 587, 108 So. 529; Tarlton v. Tarlton, 262 Ala. 67, 77 So.2d 347.

Four.

On behalf of respondent, we are urged to consider deMarigny v. deMarigny, Fla., 43 So.2d 442, as authority that complainant cannot maintain the instant bill. That case is distinguished from the case at bar with respect to the residence of the complainant. In deMarigny, as we understand the opinion, the State of New York was, at and prior to the filing of the petition, the domicile of the petitioner, and she was not a resident of Florida, the state in which she brought her suit. In the case at bar, the bill alleges that complainant "is a bona fide resident citizen of Jefferson County, Alabama."

The decree appealed from is reversed and one here rendered sustaining the demurrer. The complainant is given thirty days from the date on which the certificate of the clerk of this court reaches the register of the Circuit Court of Jefferson County, in equity, to amend.

■ We do not think Rollin W. Kip is a necessary party to this suit. He will not be bound by the decree. § 166, Title 7, Code 1940.

Reversed, rendered, and remanded.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.

