161 So.2d 488

**H. T. BURNS**

**v.**

**C. C. BOONE et al.**

**5 Div. 747.**

Supreme Court of Alabama.

Feb. 27, 1964.

H. T. Burns and Joe T. Burns, Wedowee, for appellant.

H. S. Boone, Montgomery, for appellees.

COLEMAN, Justice.

This is an appeal from a decree in equity in a suit to quiet title.

On March 7, 1961, the court rendered a final decree declaring the respective rights and title of the parties in the realty.

On March 11, 1961, appellant filed a motion to "set aside, vacate and annul" the March decree.

On April 7, 1961, the court entered an order or decree denying the motion.

Appellant filed notice of appeal and security for costs which, with caption and signatures omitted, recite as follows:

"Comes now the Complainant, H. T. Burns, in the above entitled cause and hereby appeals to the Supreme Court of Alabama from the final decree and judgment rendered in the Circuit Court of Randolph County, Alabama, In Equity, in the above cause on the 7th day of April, 1961, and this is the Complainant's notice that said cause is hereby appealed to the Supreme Court of Alabama.

"............

"We hereby acknowledge ourselves security for all of the costs of the appeal in the foregoing appeal wherein H. T. Burns, Complainant has appealed

to the Supreme Court of Alabama, the case of H. T. Burns, Complainant vs C. C. Boone, Et al, Respondents.

"This the 7th day of April, 1961.

"............"

The citation of appeal served on appellees recites in part as follows:

"You will take notice, that on the 7 day of April, 1961 Final Decree was rendered against H. T. Burns, Complainant in favor of C. C. Boone, .... in the Circuit Court In Equity of said County, and H. T. Burns, Complainant from such Final Decree has obtained an appeal to the Supreme Court of Alabama."

It is unmistakably clear that the instant appeal is from the decree of April 7, 1961, which, as it seems to us, is nothing more than a decree overruling a motion for rehearing in equity.

█ It has been consistently held that no appeal will lie from a decree overruling a motion for rehearing in equity. Carlisle v. Carmichael, 222 Ala. 182, 131 So. 445; Ogle v. Ogle, 270 Ala. 201, 117 So.2d 191; Hale v. Kirby, 271 Ala. 289, 122 So.2d 919; and we have no alternative but to dismiss the appeal for want of jurisdiction, unless, as appellant contends, the final decree of March 7, 1961, be void on the face of the record, so as to make the decree of April 7, 1961, appealable under the rule which was applied in Wheeler v. Bullington, 264 Ala. 264, 87 So.2d 27.

In Wheeler, this court held that an appeal would lie from a decree overruling a motion to set aside a final decree which was void upon its face for want of proper notice to the attorney general.

Appellant states in supplemental brief that: "The only question to be argued is whether or not the final decree of the Court was void on its face from the record, but the original brief and assignment of errors, must be considered along with brief to bring the facts before the Court."

As we understand appellant's brief, he argues that the March decree is void for two reasons which are summarized as follows:

1. "It is the intention (sic) of Appellant that the final decree of the Court is void on the face from the record for there was nothing before the Court on which a decree could be rendered except the decree pro confesso against all of the Appellees and it was the duty of the Court to render a decree pro confesso for Appellant.

".............

"Since the Appellees were out of Court for failing to plead further within ten days after the trial Court had sustained Appellants demurrers to Appellees cross bill, the trial Court had nothing before in (sic) on which it could render a valid final decree."

2. "Too, we find that the trial Court decreed title of land out of a person who had record title into a person or persons who had no title at all, and this of its self makes the final decree void on its face from the record."

We undertake to show why we are of opinion that the March decree is not void on its face for the first reason asserted by appellant; that is, for the failure of respondents to file an answer subsequent to the ruling which sustained appellant's demurrer to the cross bill.

Prior to the ruling which sustained the demurrer, respondents did file an answer and prayed that their answer be taken as a cross bill. Complainant filed a demurrer "to the Respondents' alleged Answer, Cross-Bill or both." The court sustained the demurrer to the cross bill, and, thereafter, respondents filed no further pleading.

The decree of November 14, 1960, wherein the court sustained said demurrer, recites in pertinent part as follows:

"It is, therefore, considered, ordered, adjudged and decreed by the court that the demurrer of the complainant filed to the cross bill of the respondent, be

and is hereby sustained, and that the respondents have ten days from the date of the filing of this decree in which to plead further as they may be advised."

It will be observed that the demurrer "to the cross bill of the respondent" (sic) is sustained. The decree does not recite that the demurrer to the answer is sustained. Appellant is probably correct in saying that the cross-bill feature of this pleading went out when demurrer to the cross bill was sustained, but, the part of the pleading which was an answer did not go out.

■ It is a familiar principle of equity practice that a demurrer will not lie to an answer to a bill in equity. Flowers v. Auto. Mut. Indemnity Co., 236 Ala. 30, 180 So. 705.

■ When an answer is also a cross bill, its nature as an answer is not affected. Wilkins v. Reliance Equipment Co., 259 Ala. 348, 67 So.2d 16.

■ Without deciding that a decree would be void on its face if there were no answer to the bill, we think it sufficient to note that there was an answer in the instant case, and, therefore, the decree was not void for lack of an answer.

Appellant's second contention, that the March decree was void for the reason that the court decreed title out of the record title holder into persons who had no title, is likewise without merit.

This contention is nothing more than an assertion that the court reached an erroneous conclusion as to the effect of the evidence, which is another way of saying that the evidence is insufficient to support the decree.

■ The insufficiency of evidence to support a final decree does not make the decree void on its face. Aiello v. Aiello, 272 Ala. 505, 510, 133 So.2d 18; Wood v. Miller, 264 Ala. 370, 88 So.2d 560.

Appellant does not deny that the court had jurisdiction of subject matter and parties.

■■ We are of opinion that the March decree was not void for insufficiency of the evidence; that appellant's second contention is without merit; and that the appeal should be dismissed because it is an appeal from a decree overruling a motion for rehearing in equity.

Appeal dismissed.

LIVINGSTON, C. J., and LAWSON and SIMPSON, JJ., concur.