Per Curiam.

The plaintiff wife brought this suit against her second husband for a separation and he counterclaimed for an annulment on the ground that she was still married to another at the time she purportedly wed him, the defendant, in 1957. More specifically, the defendant urges that the Alabama decree of divorce which the plaintiff obtained in 1955 from her first husband was jurisdictionally void. For her part, the plaintiff asserts that that decree is entitled to full faith and credit in this State under the Federal Constitution. (IT. S. Const.; art. IV, 81.)
It is settled that when, as in the present case, both parties to an out-of-state divorce appeared in those divorce proceedings, a stranger to the decree may collaterally attack it in our courts only if he establishes that the rendering State permits such an attack. (See, e.g., Weisner v. Weisner, 17 N Y 2d 799; Goldsmith v. Goldsmith, 19 N Y 2d 710; Johnson v. Muelberger, 340 U. S. 581, 587; Cook v. Cook, 342 U. S. 126,128.) The defendant before us has failed to meet the burden thus imposed upon him. Since *300 “ [t]he alleged defect in the jurisdiction of the Alabama court does not appear upon the face of [the] decree ” challenged by the defendant, it is not clear, under Alabama law, whether the defendant, being a stranger to that decree, has standing to attack it. (Weisner v. Weisner, 17 N Y 2d 799, 802, supra; see Aiello v. Aiello, 272 Ala. 505, 509-511.) In this situation, we must accord full faith and credit to the decree. It may be attacked by the defendant, if at all, only in the courts of Alabama.
Accordingly, the defendant’s counterclaim for an annulment must, as the case now stands, be dismissed and, there being no impediment to the wife’s institution of the present suit for separation, the trial court is required to consider the merits of such action. However, if the defendant proceeds in Alabama and there succeeds in vacating the decree divorcing the plaintiff from her first husband, he will then be privilged to reassert his claim for an annulment in the New York courts either by way of a new action or as may otherwise be appropriate.
The order of the Appellate Division should be reversed, with costs, and the case remitted to the Supreme Court, New York County, for further proceedings in accordance with this opinion.
Chief Judge Fuld and Judges Yaw Yoorhis, Burke, Scileppi, Bergaw and Keatiwg concur; Judge Breitel taking no part.
Order reversed, etc.